## GOOD ROADS MACHINERY CO. ET AL., RESPONDENTS, v. BROADWATER COUNTY, APPELLANT.

(No. 7,017.)

(Submitted March 13, 1933. Decided April 1, 1933.)

[20 Pac. (2d) 834.]

*Mr. Frank T. Hooks,* for Appellant, submitted a brief; *Mr. Fred W. Schmitz* submitted a supplemental brief and argued the cause orally.

*Messrs. Murch & Wuerthner,* for Respondent, submitted an original and a supplemental brief; *Mr. C. W. Murch* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action upon a contract entered into by the plaintiffs, respondents here, the Good Roads Machinery Company, and the Midland Implement Company, Inc., as parties of the first part therein, and Broadwater County, Montana, defendant below and appellant here, as party of the second part. By the terms of the contract certain road machinery was sold to Broadwater county for $5,000. Certain deferred payments were to be divided between the machinery and implement companies, and payments were to be made to the one at Great Falls, Cascade county, and to the other at Billings, Yellowstone county. The action is for the collection of an installment payment of $1,466.67 due on July 1, 1930, together with interest.

On March 23, 1931, complaint was filed in the eighth judicial district in and for the county of Cascade. Summons was issued and served. On April 13, 1931, the defendant county filed a general and special demurrer to the complaint, and at the same time filed and served a demand for change of place of trial, affidavit of merits and residence, and a motion for change of place of trial. The matter was allowed to stand without any action until September 8, 1931, when plaintiffs filed a motion to strike all papers in connection with the motion for the change of place of trial, together with a notice that the motion to strike would be called for hearing on September 16, 1931. The motion to strike was based on lapse of time and an alleged unreasonable delay. On September 9, 1931, defendant county filed and served a notice of motion on its demand for change of place of trial of the action, and at the same time filed an affirmative motion demanding the dismissal of the complaint on the ground that the action had not been prosecuted with due diligence. On September 16, 1931, all of the motions were taken up and argued to the court, including an argument on defendant's demurrer. All of the motions were taken under advisement by the court, and on February 24, 1932, the court overruled defendant's motion for

a change of place of trial, and on March 4, 1932, overruled the demurrer. The defendant county appealed from the order denying the motion for a change of place of trial.

Appellant in its original brief asserted as a specification of error that the court erred in denying its motion for a change of place of trial. Later, in a supplemental brief, it asserted lack of jurisdiction, and argued that the action was erroneously commenced against it in the county of Cascade. Appellant also asserts that the complaint did not state a cause of action, because it did not show that a claim was presented by plaintiff against the defendant Broadwater county under the provisions of section 4605, Revised Codes of 1921.

Under our view of the case, it is not necessary to decide the question of the presentation of the claim as a prerequisite to the institution of the action. The question, however, is important as a general proposition. An exhaustive discussion of the subject by this court is contained in the opinion of the late Chief Justice Brantly, in the case of *State ex rel. Dolin* v. *Major,* 58 Mont. 140, 192 Pac. 618.

The contention that the action was erroneously commenced in Cascade county is the important and controlling feature of the case, and must be decisive of this appeal. This question goes to the jurisdiction of the court to entertain the action in the first instance, and may be raised for the first time in this court. (Sec. 9136, Rev. Codes 1921; *Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695.)

Considerable argument is presented as to the meaning of the words contained in section 9095, Revised Codes 1921. That section reads as follows: "An action against a county may be commenced and tried in such county, unless such action is brought by a county, in which case it may be commenced and tried in any county not a party thereto." It is sought to apply the reasoning of this court as stated in the case of *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030, to this case. The rule as therein announced is applicable to the part of the section with relation to place of trial. In fact, it is because of the phrase "and tried in

such county," as it appears therein, that the section was included in the chapter entitled "Place of Trial of Civil Actions" (Chap. 7, Part. III, Code of Civil Procedure, Rev. Codes 1921).

It must be understood, however, that the section has another and equally, or even more, important objective. This purpose is found in the initial declaration, viz.: "An action against a county may be commenced," etc. This phrase grants to a prospective litigant—to one having a grievance against a county—permission to sue, something not possible without express statutory authority. That part of the section is permissive, and properly makes use of the word "may" in its broad and most commonly understood sense. It confers authority to commence an action against a county, but the privilege of such grant of right can only be exercised in the manner and under the terms and restrictions of the section. It is not a broad general permission or power, but is restricted and limited by its own terms to the commencement of an action only in a defendant county.

A comprehensive explanation of such authority to sue a county is well set forth in 7 R. C. L. 996, and is as follows: "Just as the power of a county to sue is controlled by the state legislature, so also the right to sue the county is limited to those cases wherein the legislature has ordained that the county shall be liable. This limitation is founded upon the theory that, as there is no remedy against the state unless by its own consent, there may be none against the county which forms an integral part of the state. Persons dealing with a county for whose liabilities no means of enforcement have been provided must, therefore, rely wholly upon the good faith of the county, or make their application directly to the legislature. As counties are not suable except by statute, the mode pointed out by the statute must be strictly pursued."

A like explanation is announced in 15 C. J. 663. The statement there is as follows: "At common law a county could neither sue nor be sued, and it is only by virtue of express or implied statutory authority that any action can be main-

tained either in its behalf or against it.'' (See, also, *Smith v. Zimmer*, 45 Mont. 282, at page 304, 125 Pac. 420.)

The California section corresponding to our section 9095 is section 394, California Code of Civil Procedure. This section has been very much elaborated by amendments, but its important part and the part applicable here is still almost identical with our Code section. The California courts have held that an action against a county in that state is controlled by that part corresponding to our section 9095, and that an action not commenced in the proper county is erroneously instituted. The California courts also indicate that under such circumstances an affidavit of merits is not necessary, and that the procedure under the other sections relative to place of trial is not applicable. (*Mono Power Co.* v. *City of Los Angeles*, 33 Cal. App. 675, 166 Pac. 387; *Fitzpatrick* v. *Sonoma County*, 97 Cal. App. 588, 276 Pac. 113.)

We are of the opinion that the action was commenced in Cascade county without statutory authority, and therefore that it should be dismissed. The order of the district court is reversed, with direction to dismiss the action.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.