THE STATE OF MONTANA EX REL. MONTANA DEACON-
ESS HOSPITAL, A NON-PROFIT CORPORATION, RELATOR, *v.*
PARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF
MONTANA, PARK COUNTY WELFARE BOARD, CASCADE
COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF MONTANA,
AND CASCADE COUNTY WELFARE BOARD, DEFEND-
ANTS.

No. 10590
Submitted May 3, 1963. Decided May 8, 1963.
381 P.2d 297.

Church, Harris, Johnson, Williams & McCracken, Great
Falls, Cresap McCracken (argued orally), Great Falls, for
appellant.

PER CURIAM.

Relator here sought an alternative writ and the application discloses these facts:

A single woman was injured in Cascade County, Montana, on February 12, 1962, and treated for such injuries in the Montana Deaconess Hospital for some months until her death on May 29, 1962. The young woman had lived at her family home in Livingston, Park County, Montana, for a period of years and at some time prior to her accident she had lived in Cascade County, Montana, but had not been a resident of such county for a period of one year until May 18, 1962. At the time of her injuries and thereafter until her death the young woman was not possessed of sufficient property and had no relatives capable of paying the hospital charges incurred by her. At the time of her death, relator had a bill due it for her hospitalization and care in the amount of $8,040.62.

When relator learned that the young woman was indigent both Cascade County and Park County, through their welfare departments, were notified and informal claims were made by relator for its charges from time to time to each of the counties but each disclaimed liability on the ground the other county was the residence of the injured person and that each county was responsible only for charges for its residents. Thereafter, and on or about October 12, 1962, formal claims were filed with each county and they were declined.

Relator contends that in the situation which exists it finds it necessary to bring both counties before a court in one proceeding, but that in view of section 93-2903, R.C.M.1947, and its interpretation in Good Road Machinery Co. v. Broadwater County, 94 Mont. 68, 20 P.2d 834, it has no speedy or adequate relief due to the failure of the Legislature to provide a specific provision for maintaining an action against more than a single county.

R.C.M.1947, § 93-2903, reads:

"*Place of trial of actions against counties.* An action against a county may be commenced and tried in such county, unless

such action is brought by a county, in which case it may be commenced and tried in any county not a party thereto."

In the Good Roads Machinery Co. case, this court held that the provisions of this statute should be strictly construed and that if an action against a county be brought in a county other than the one sued, the district court would be without jurisdiction to try it. This interpretation is correct where only a single county is involved, but here we have a situation where two counties are necessary parties defendant. In our opinion, reason dictates that in such a situation either county would be a proper county in which to commence and prosecute the action and that relator may choose either of said counties in which to file its action and such county will then become the proper county for the trial thereof against both defendant counties.

In view of this holding this proceeding is dismissed, without prejudice, to permit relator to seek relief in an adequate forum as hereinbefore set forth.

It is so ordered.