No. 80-221

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE STATE OF MONTANA ex rel. COLLEEN
KESTERSON, VIRGINIA POLSEN, MELODY
NEBEL, BARBARA WOOD, SHERI BARDO, and
ANNE KOBYLENSKI, on behalf of them-
selves and all other persons similarly
situated,

          Relators,

  vs.

DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN
AND FOR THE COUNTY OF MISSOULA, and
the HONORABLE JOHN S. HENSON, Judge
thereof,

          Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

  For Relators:

    McClelland Law Offices, Missoula, Montana
    Arden C.McClelland argued, Missoula, Montana

  For Respondents:

    Gough,, Shanahan, Johnson & Waterman, Helena, Montana
    Ronald Waterman argued, Helena, Montana
    Boone, Karlberg & Haddon, Missoula, Montana
    Sam Haddon argued, Missoula, Montana
    Richard P. Heinz, County Attorney, Polson, Montana
    Kurt W. Kroschel, Billings, Montana
    Hughes, Bennett, Kellner and Sullivan, Helena, Montana
    Garlington, Lohn and Robinson, Missoula, Montana

---

      Submitted: July 17, 1980

       Decided: JUL 24 1980

Filed: JUL 24 1980

_Thomas J. Kearney_
         Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Relators have applied to this Court for a writ of supervisory control, directed to the District Court of the Fourth Judicial District, in and for the County of Missoula, and the Honorable Judge John S. Henson. Relators are plaintiffs in the District Court action, and seek to have the proceedings on a motion for a temporary injunction continued in the District Court, despite an appeal taken to this Court by defendants. This Court ordered an expedited hearing on July 17, 1980.

On February 15, 1980, two women residing in Lake County and four women residing in Missoula County filed a suit in Missoula County, denominating it a class action. The defendants for purposes of this appeal are Dow Chemical Company, Lake County, the Lake County Weed Board, Missoula County, and the Missoula County Weed Board. All plaintiffs allege miscarriages, property damage, and other mental and physical injuries as a result of herbicide spraying in their home environments. Prior to the hearing on plaintiffs' motion for an injunction to stop the spraying, defendant Dow Chemical Company moved for a change of venue to Lake County as to the claims filed by the two Lake County plaintiffs. Lake County and the Lake County Weed Board moved to change venue to Lake County as to all claims filed against them. Because of uncertainty as to whether this action could be maintained as a class action, a matter yet to be heard, the district judge denied the motions for change of venue, with "leave to refile the motions if the circumstances later on in the proceedings should be such that it would be appropriate."

Defendants promptly filed an appeal to this Court from the order denying change of venue and the district judge stopped all further proceedings in the District Court. Plaintiffs, arguing that the judge's order was a non-appealable order, applied to this Court for a writ, requesting this Court to dismiss the appeal and to order the proceedings to continue in the District Court and decline to do this

- 2 -

The order issued by the district judge denying the change of venue was an appealable order. An interlocutory order is normally not appealable, unless there is a special provision making it so. Schultz v. Adams (1973), 161 Mont. 463, 465, 507 P.2d 530, 532. By the terms of Rule 1(b), M.R.App.Civ.P., an order denying the change of venue is specifically appealable:

"A party aggrieved may appeal from a judgment or order . . . in the following cases:

" . . .

(b) . . . from an order changing or refusing to change the place of trial when the county designated in the complaint is not the proper county. . ."

The statutory language of Rule 1(b) does not require the defendants to wait and see if they get another opportunity to raise the venue issue. It allows them to take an immediate appeal on the denial of the venue motion, so as to not jeopardize their right to an appeal. See Sealey v. Majerus (1967), 149 Mont. 268, 269, 425 P.2d 70.

Because the venue order in this case is appealable, and an appeal was timely filed, the district judge acted properly in staying further proceedings in the District Court. It is well-established that once a notice of appeal is filed, the District Court loses jurisdiction to proceed. McCormick v. McCormick (1975), 168 Mont. 136, 138, 541 P.2d 765, 766. Since the appeal was properly taken, we next proceed to the merits of that appeal.

The issues raised by defendants on appeal all involve questions of venue:

1) Does the filing of a suit as a class action affect the determination of venue?

2) Is venue proper in Missoula County as to the claims filed against defendants Lake County and the Lake County Weed Board?

3) Is venue proper in Missoula County as to the claims

- 3 -

filed against defendant Dow Chemical Company by the two Lake County plaintiffs?

Because this suit was filed as a class action, respondents suggest that the District Court should consider whether venue as to any one plaintiff in the class is proper in Missoula County, in order to determine whether the action can be maintained in Missoula County. This approach does not appear to be consistent with the traditional notions of venue which aim toward placing a trial in a county favorable to defendant. Although this Court has not had occasion to address the issue of whether the filing of a suit as a class action affects venue, several federal courts have looked at this question. The decisions uniformly hold that venue for a class action under Rule 23, F.R.Civ.P. is determined just as it is for a comparable nonclass action. Thus, venue must be satisfied as to all named class representatives, just as it must be as to all plaintiffs and defendants in a nonclass action. Carolina Casualty Insurance Co. v. Local No. 612, etc. (N.D.Ala. 1956), 136 F.Supp. 941, 943; 3 B Moore's Federal Practice §23.96 (1980); Research Corp. v. Pfister Associated Growers, Inc. (N.D.Ill. 1969), 301 F.Supp. 497, 501. In so holding the courts have relied on the language of Rule 82, F.R.Civ.P., which has a counterpart in Rule 82, M.R.Civ.P.:

> "Except as provided in Rule 4 these rules shall not be construed to extend or limit the jurisdiction of the district courts of Montana or the venue of actions therein."

See United States and EEOC v. Trucking Employers, Inc. (D. D.C. 1976), 72 F.R.D. 98, 100.

We recognize that the legislature has the power to determine where actions shall or may be tried, Fraser v. Clark (1954), 128 Mont. 160, 176, 273 P.2d 105, 114, and we note that the Montana statutes contain no specific venue provisions for class actions. In the absence of a directive otherwise by the legislature we hold in accord with the federal courts and find that venue in a class action should be determined as it is in a nonclass action. See also, Walker v. City of Houston (S.D. Tex.

1972), 341 F.Supp. 1124. If later certification proceedings result, we have found no authority, state or federal, concerning the status of claimed class representatives in the period of time between the filing of the suit and the District Court's certification of proper class representatives.

Accordingly, we have assumed that the named plaintiffs are proper representatives of the class in the event that the District Court determines this is a proper class action.

Appellants Lake County and the Lake County Weed Board moved for a change of venue as to all claims filed against them in Missoula County. The basis for their motion was section 25-2-106, MCA, which provides in part that "[a]n action against a county may be commenced and tried in such county . . ." This Court held in Good Roads Machinery Co. v. Broadwater County (1933), 94 Mont. 68, 70-71, 20 P.2d 834, 835, that the "may" in the statute referred to a grant of permission to sue a county, but in so doing a plaintiff was limited to bringing the suit in the defendant county. Respondents attempt to rely on State ex rel. Montana Deaconess Hosp. v. Park County (1963), 142 Mont. 26, 381 P.2d 297, but we find that case distinguishable on the facts. In Deaconess Hospital, two counties disclaimed liability for one hospital payment for a welfare patient. Because it was necessary to determine which of the counties was the residence of the patient, and thus liable, both counties had to be joined as party defendants. This Court found that either county would be a proper one in which to prosecute the action. Deaconess Hospital, supra, 142 Mont. at 27-28, 381 P.2d at 298.

In this case, the complaint does not allege that either Missoula County or Lake County was the exclusive cause of one injury. Rather, the pleadings indicate that the plaintiffs could have been damaged by the actions of either or both counties acting separately. In such a situation both counties are not necessary parties to one action, and the counties should be sued where they are located.

- 5 -

Despite respondents' argument that convenience and judicial economy dictate that the suit be brought in Missoula County, it is apparent from the statutes and cases cited that defendants Lake County and the Lake County Weed Board are entitled to have venue changed to Lake County. Section 25-2-201(1), MCA, requires that "[t]he court or judge must, on motion, change the place of trial in the following cases: (1) when the county designated in the complaint is not the proper county." This section is not discretionary. Lunt v. Division of Workmen's Compensation (1975), 167 Mont. 251, 253, 537 P.2d 1080, 1081. The judge must grant the change, before a motion relating to convenience can be heard under section 25-2-201(3), MCA. Maio v. Greene (1943), 114 Mont. 481, 487, 137 P.2d 670, 671.

Appellant Dow Chemical moved for a change of venue as to the claims of the two Lake County plaintiffs pursuant to section 25-2-102, MCA, which provides in part that "[a]ctions for torts may be tried in the county where the tort was committed. . ." This Court has determined that this section should be interpreted to allow trial in the county of defendant's residence, or in the county where the tort was committed. Section 25-2-108, MCA; Seifert v. Gehle (1958), 133 Mont. 320, 322, 323 P.2d 269, 270. The record is silent in this case as to the place of residence of the defendant. Thus the suit would be properly filed in Lake County, the situs of the tort allegedly committed against the Lake County plaintiffs. Appellant Dow Chemical Company is entitled to the change of venue as to the claims filed by the Lake County plaintiffs.

Defendant Dow Chemical Company raises an alternative basis on which to find venue in Lake County. In their complaint, all plaintiffs allege real property damage. Section 25-2-103(1)(b), MCA, sets venue for actions for injury to real property "in the county in which the subject of the action . . . is situated. . ." The "subject of the action" in this case would appear to be located in Lake County as to the Lake County plaintiffs, and pro-

perly triable there. See Fraser v. Clark (1954), 128 Mont. 160, 178, 273 P.2d 105, 115. This Court has determined that if a complaint contains more than one cause of action, and a defendant is entitled to a change of venue in one of those actions, then the motion for change of venue must be granted. This is so despite the fact that the other causes of action are properly triable where the action was commenced. Beavers v. Rankin (1963), 142 Mont. 570, 572, 385 P.2d 640, 641. Thus, where venue as to the real property damage claim against Dow Chemical Company is properly in Lake County, venue as to all claims against Dow Chemical Company should be moved to Lake County.

For the foregoing reasons, we find that defendants' appeal to this Court was properly taken, and that the district judge acted correctly in refusing to continue further proceedings in the District Court. Thus, there is no sufficient basis for relators to invoke the supervisory control of this Court.

Relators' petition is denied.

_____
Chief Justice

We concur:

_____

_____

_____
Hon. Gordon R. Bennett, District
Judge, sitting in place of Mr.
Justice Gene B. Daly.


_____
Hon. W. W. Lessley, District
Judge, sitting in place of Mr.
Justice John C. Sheehy.


The Honorable W. W. Lessley, District Judge, sitting in place of
Mr. Justice John C. Sheehy, concurs and will sign this opinion
the next time he is in Helena.

- 7 -