No. 83-83

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

BURTON HUTCHINSON,

                Plaintiff and Respondent,

        -vs-

DUANE MORAN, HAROLD R. DeMERS and
JEFFERSON COUNTY,

                Defendants and Appellants.

APPEAL FROM: District Court of the Second Judicial District,
             In and for the County of Silver Bow,
             The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Richard E. Gillespie; Keller, Reynolds, Drake,
                Sternhagen & Johnson, Helena, Montana

        For Respondent:

                James P. Harrington, Butte, Montana

                        Submitted on Briefs: October 7, 1983

                                    Decided: December 29, 1983

Filed: DEC 29 1983

_Ethel M. Harrison_

_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court, Second Judicial District, Silver Bow County, denying defendant's motion for a change of venue. We affirm.

Sometime during 1981, Silver Bow County erroneously reissued the registration number of plaintiff's vehicle, a 1973 Torino, to an automobile belonging to one Paul Miller. Miller's car, a Toyota, was subsequently stolen and Miller reported that fact to the Butte-Silver Bow County Sheriff. The vehicle was later recovered, but Silver Bow County officials failed to reflect that fact on their records.

Later, on May 31, 1981, codefendant Duane Moran, a Jefferson County deputy sheriff, was patrolling the main street in Basin, Jefferson County, Montana. Moran saw plaintiff's parked vehicle with the same license number as that registered to Miller's Toyota. Moran requested status information from the Jefferson County Sheriff's Office which later confirmed, after inquiry to Silver Bow County, that the license number matched the car registration number reported stolen. Plaintiff was arrested because he could not produce his vehicle registration certificate. Later that day, plaintiff was released when the Jefferson County authorities discovered the error.

Plaintiff brought suit against Silver Bow County and Jefferson County and their agents in Silver Bow District Court seeking damages for several constitutional violations, negligence, false arrest, false imprisonment and invasion of privacy.

On August 31, 1982, defendant Jefferson County moved for a change of venue to Jefferson County as to all the claims

against it and its agents. The District Court denied the motion and this appeal followed.

This Court has decided venue in earlier cases in which counties have been named as defendants. In Good Roads Machinery Co. v. Broadwater County (1933), 94 Mont. 68, 70-71, 20 P.2d 834, 835, we held that the "may" provision in section 9095, R.C.M. 1921 (now section 25-2-106, MCA), constituted a statutory grant of permission to sue a county, and that a plaintiff was limited to bringing the suit in the defendant county. In State ex rel. Montana Deaconess Hosp. v. Park County (1963), 142 Mont. 26, 381 P.2d 297, we found an exception to the rule where two counties were necessary parties to the action and the suit had been brought in the District Court of one of the counties. In State ex rel. Kesterson v. District Court (Mont. 1980), 614 P.2d 1050, 37 St.Rep. 1278, we held where the complaint did not show that each of the two counties sued was a necessary party to the action, the counties should be sued where they are located.

The holdings in those cases must be re-examined in the light of Art. II, § 18, 1972 Mont. Const., which makes state and political subdivisions subject to suit for injury to person or property except as may be specifically provided by two-thirds vote of each house of the legislature, and the further provisions for venue of county defendants contained in section 2-9-312, MCA, first adopted in 1973. Good Roads Machinery Co., above, was decided before the adoption of the constitutional provision here referred to and so its holding that the venue statute, section 25-2-106, MCA (formerly section 93-2903, R.C.M. 1947), constituted a grant of permission to sue a county no longer holds. The right to sue a county now exists by virtue of constitutional authority,

- 3 -

supplemented by legislative action. The venue of actions against counties is now governed by the provisions of section 2-9-312(2), MCA, as follows:

> "(2) Actions against a political subdivision shall be brought in the county in which the cause of action arose or in any county where the political subdivision is located."

In section 2-9-101(1)(e), MCA, a county is included in the definition of a "political subdivision."

Section 2-9-102, MCA, makes every governmental entity subject to liability for its torts and those of its employees except as specifically provided otherwise by the legislature under Art. II, § 18, 1972 Mont. Const.

Jurisdiction of actions brought against a state governmental entity is given to the district courts in section 2-9-311, MCA, and in that section it is also provided that such actions shall be governed by the Montana Rules of Civil Procedure insofar as they are consistent with the statutes relating to suits against political subdivisions.

Since by statute the Montana Rules of Civil Procedure apply, we find in Rule 19(a), that a "person [which includes in this case a county] who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties . . ." However, Rule 19(a), also provides that "[i]f the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

It thus appears that if we applied the provisions of the venue section, section 2-9-312(2), supra, and Rule 19(a), strictly, our holding should be that where two counties are sued in one action, and both are necessary parties to the

action, nevertheless, one of them must be dismissed from the action if it raises an objection as to venue. That is what has occurred here. Such a result, however, would appear to us to be obnoxious and not within the contemplation of the framers of either the statutes permitting suits against governmental subdivisions or the Montana Rules of Civil Procedure.

In this case, for example, if Jefferson County were to be dismissed from the Silver Bow County action, the provisions of Rule 19(b), Montana Rules of Civil Procedure could very well come into play. Under Rule 19(b), if the court determined that in equity and good conscience the action should not proceed with the remaining county before it, that action would be dismissed because the absent county would be regarded as indispensable. On the other hand, if the plaintiff commenced an action against and in Jefferson County and named Silver Bow County as an additional defendant, the same result would eventually obtain. Thus the plaintiff is placed in an impossible situation where there are two indispensable parties either of which may object to venue and on strict application of the rules and statutes, each would be entitled to either a change of venue or dismissal.

In this situation, we advert to and adopt the reasoning of this Court in State ex rel. Montana Deaconess Hosp. v. Park County (1963), 142 Mont. 26, 28, 381 P.2d 297, 298, wherein we said:

> "In the Good Roads Machinery Co. case, this Court held that the provisions of this statute should be strictly construed and that if an action against a county brought in a county other than the one sued, the District Court would be without jurisdiction to try it. This interpretation is correct where only a single county is involved, but here we have a

- 5 -

situation where two counties are necessary parties defendant. In our opinion, reason dictates that in such a situation either county would be a proper county in which to commence and prosecute the action and that relator may choose either of said counties in which to file its action and such county will then become the proper county for the trial thereof against both defendant counties."

Because both counties in this case are necessary parties to the action, and because Silver Bow County is a proper venue for at least one of the defendant counties, we affirm the order of the District Court in refusing to grant change of venue as to Jefferson County and its agents.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

The plaintiff's allegations against Silver Bow County state a claim based upon negligence while the allegations against Jefferson County charge false arrest, false imprisonment, assault and battery and several constitutional violations.

This Court in State ex rel. Kesterson v. District Court (Mont. 1980), 614 P.2d 1050, 1052, 37 St.Rep. 1278, 1280, stated:

> "In Deaconess Hospital, two counties disclaimed liability for one hospital payment for a welfare patient. Because it was necessary to determine which of the counties was the residence of the patient, and thus liable, both counties had to be joined as party defendants. This Court found that either county would be a proper one in which to prosecute the action. Deaconess Hospital, supra, 142 Mont. at 27-28, 381 P.2d at 298.
>
> "In this case, the complaint does not allege that either Missoula County or Lake County was the exclusive cause of one injury. Rather, the pleadings indicate that the plaintiffs could have been damaged by the actions of either or both counties acting separately. In such a situation both counties are not necessary parties to one action, and the counties should be sued where they are located." (emphasis supplied)

Here, it appears that each county, for its separate acts under the pleading, could be found liable to the plaintiff.

I would reverse and order that the action against Jefferson County and its officials be tried in Jefferson County.

_____
Justice

-7-