No. 85-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

LARRY J. WEISS, an incompetent person,
by and through his duly appointed
conservator, DEBORAH A. WEISS; JESSICA
I. WEISS and KRISTIE L. WEISS, minors,
by and through their mother and natural
parent DEBORAH A. WEISS; and DEBORAH A.
WEISS, individually,

        Plaintiffs and Respondents,

  -vs-

THE STATE OF MONTANA; THE MONTANA DEPARTMENT
OF HIGHWAYS; GLACIER COUNTY; and BILL BIG
SPRING, FRED R. JOHNSON, and DON KOEPKE, in
their official capacity as GLACIER COUNTY
COMMISSIONERS; and JOHN DOES 1--10,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin,
            The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; William D.
        Jacobson, Great Falls, Montana
        Kirwan & Barrett; Steve Barrett, Bozeman, Montana

    For Respondent:

        Goetz, Madden & Dunn; William Madden, Bozeman,
        Montana
        Regnier, Lewis, Boland & Roberts; James M. Regnier,
        Great Falls, Montana

---

        Submitted on Briefs: Oct. 31, 1985

        Decided: January 16, 1986

Filed:   JAN 16 1986

                _Ethel M. Harrison_

---
                    Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendants Glacier County and Glacier County Commissioners appeal the June 12, 1985, order of the Eighteenth Judicial District Court denying defendants' motion for change of venue. We affirm.

On December 12, 1981, plaintiff Larry Weiss was severely injured in a one car roll-over accident on Reagan Road in Glacier County, Montana, and rendered mentally incompetent. A complaint was filed by Deborah Weiss, Larry's wife, alleging negligence in the design, construction and maintenance of the road. The named defendants were the State of Montana, the Montana Department of Highways, Glacier County and its county commissioners in their official capacity, and other unknown defendants potentially liable to plaintiffs.

The complaint was filed on December 11, 1984, in Gallatin County, the plaintiffs' place of residence. On December 31, 1984, defendants Glacier County and Glacier County Commissioners filed a motion for change of venue from Gallatin County to Glacier County, asserting Glacier County was the proper venue because the alleged tort occurred there and § 25-2-106, MCA (1983), requires an action against a county or its commissioners to be brought in such county. The district judge denied the motion, reasoning that venue was proper as to the State defendants therefore venue was proper as to all defendants.

On appeal, the sole issue is whether the District Court erred in ruling that Glacier County and its commissioners could be sued in Gallatin County.

Plaintiffs assert that the 1985 amendments to the venue provisions of the Montana Code, effective October 1, 1985, apply to this appeal. We agree.

Section 1-2-109, MCA, provides: "No law contained in any of the code or other statutes of Montana is retroactive unless expressly so declared." However, a law is not deemed retroactive unless it takes away vested rights acquired under existing laws, or creates new duties or attaches a new disability in respect to transactions already past. Butte & Superior Mining Co. v. McIntyre (1924), 71 Mont. 254, 263, 229 P.2d 730, 733. This Court has previously held that newly-amended statutes which relate only to procedural matters and do not affect substantive rights of the parties do not fall within the scope of § 1-2-109, MCA. See e.g., Castles v. State (1980), 187 Mont. 356, 609 P.2d 1223; State ex rel. Johnson v. District Court (1966), 148 Mont. 22, 417 P.2d 109. A statutory change in venue provisions is wholly procedural and may be applied to pending cases. Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen (1967), 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954. We find that the 1985 amendments to the venue provisions of the Montana Code are applicable to this case.

Three sections of the venue provisions in the Montana Code are implicated by the present case:

> 25-2-117. **Multiple defendants.** If there are two or more defendants in an action, a county that is a proper place of trial for any defendant is proper for all defendants, subject to the power of the court to order separate trials under Rule 42(b) of the Montana Rules of Civil Procedure. If an action with two or more defendants is brought in a county that is not a proper place of trial for any of the defendants, any defendant may make a motion for change of place of trial to any county which is a proper place of trial.

> 25-2-125. **Against public officers or their agents.** The proper place of trial for an action against a public officer or person specially appointed to execute his duties for an act done by him in virtue of his office or against a person who, by his command or in his aid, does anything touching the duties of such officer is the county where the cause or some part thereof arose.

> 25-2-126. **Against state, county, and political subdivision.** (1) The proper place of trial for an

action against the state is in the county in which the claim arose or in Lewis and Clark County. In an action brought by a resident of the state, the county of his residence is also a proper place of trial.

(2) The proper place of trial for an action against a county is that county unless such action is brought by a county, in which case any county not a party thereto is also a proper place of trial.

(3) The proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.

Defendants assert that §§ 25-2-125 and -126(2), MCA, require the action to be brought in Glacier County as that is where the alleged tort occurred, and that is the location of the county being sued. Plaintiffs assert that § 25-2-117, MCA, is controlling, and that where venue is proper as to the State, venue is also proper for Glacier County and its commissioners. We agree with plaintiffs' interpretation of the venue provisions.

The 1985 amendments to the venue provisions eliminated use of the words "may," "shall," or "must," which had spawned endless litigation, and inserted the term "the proper place of trial" to clarify the venue statutes. See Exhibit No. 1, Senate Judiciary Committee Minutes, January 22, 1985. Section 25-2-117, MCA, concerning proper venue for multiple defendants, is new to the Montana Code. The explanatory comment to this section prepared by the Montana Supreme Court Commission on the Rules of Evidence reads in part:

> This proposed section does not change existing law or establish any new principle. Like the other new provisions it simply tries to codify existing case law (although, in this instance, cases are neither plentiful nor clear-cut) so that all the fundamental principles will be gathered together in one place and stated as plainly as possible.

Id. We believe that § 25-2-117, MCA, is intended to apply to all venue provisions, including the provisions relating to suits against counties and public officials.

Previously, this Court has held that the venue statute for suits against counties, formerly § 2-9-312(2), MCA, does not absolutely bar a private litigant from suing a county in a different county. In Hutchinson v. Moran (Mont. 1983), 673 P.2d 818, 40 St.Rep. 2081; and State ex rel. Montana Deaconess Hospital v. Park County (1963), 142 Mont. 26, 381 P.2d 297, we held that where two counties are necessary parties to an action a plaintiff may elect to file suit in either county, and neither county has grounds to object to venue. An analogous situation is present in the case at bar. We find that the district judge's denial of change of venue is consistent with § 25-2-117, MCA, which states that an action may be brought in any county where venue is proper and other defendants joined though venue otherwise would not lie against those defendants.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -