No. 87-38

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE BANK OF TOWNSEND, a Montana
banking corporation,

Plaintiff and Respondent,

-vs-

MARY JANE WORLINE; NELSON EDWARD
SAYER and ROSE MARY SAYER; TOMMIE
H. THOMPSON and CATHLEEN K. THOMPSON;
GARY R. MARSHALL and ROMAINE L. MARSHALL,

Defendants and Appellants.

GARY R. MARSHALL and ROMAINE L. MARSHALL,
Cross-claimants,

-vs-

MARY JANE WORLINE; NELSON EDWARD SAYER
and ROSE MARY SAYER; TOMMIE H. THOMPSON
and CATHLEEN K. THOMPSON,
Cross-defendants.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Broadwater,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Worden, Thane & Haines; Samuel M. Warren, Missoula,
Montana (Thompson)
McChesney & Grenfell; H.L. McChesney, Missoula, Montana
(Edward & Sayer)
Datsopoulos, MacDonald & Lind; Christopher B. Swartley,
Missoula, Montana   (Worline)

For Respondents:

John T. Flynn, Townsend, Montana (Marshall)
Hooks & Budewitz; Patrick F. Hooks, Townsend,
Montana   (State Bank)

(Continued, page 2)

Submitted on Briefs: April 3, 1987

Decided: June 30, 1987

Filed: JUN 30 1987

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the First Judicial District, Broadwater County, Montana, by cross-defendants, Tommie H. Thompson and Cathleen K. Thompson. The Thompsons appeal from an order denying the motions of all cross-defendants for a change of venue.

We reverse and remand to the District Court.

The issues raised on appeal are as follows:

1. What is the proper venue for an interpleader complaint requesting the resolution of conflicting demands made upon an escrow agent holding documents for a contract for deed?

2. What is the proper venue for an action seeking to effect repossession, foreclosure, or forfeiture of an interest in real property when the escrow documents are held in a county different from that in which the property is located?

3. Does an initial appearance by a defendant waive that defendant's right to demand a change of venue with respect to a cross-claim which was not before the court at the time of the initial appearance?

4. Did the District Court err in failing to order a separation of trial for an interpleader action and a cross-claim to quiet title?

On April 30, 1986, the State Bank of Townsend (Bank) filed an interpleader action pursuant to Rule 22(a), M.R.Civ.P. against Mary Jane Worline, Nelson E. and Rose Marie Sayer, Tommie and Cathleen Thompson, Gary and Romaine Marshall and Don Torgenrud in Broadwater County, Montana. The defendants had made conflicting demands concerning a

contract for deed held in escrow by the Bank. The Bank requested a determination of the respective rights to the property in question and that a final judgment be entered directing the action to be taken by the Bank.

The real estate at issue is located in Missoula County. In 1976, the Marshalls sold the land to Worline and the Sayers under a contract for deed which was deposited in escrow with the State Bank of Townsend, Broadwater County. The Sayers and Worline secured the contract with two other contracts for deed on property located in Broadwater County.

Sometime prior to this action the Sayers assigned all their interest in the Missoula property to Worline, who subsequently sold the land to Torgenrud. Torgenrud, in turn, sold the property to the Thompsons.

In response to the Bank's filing of the interpleader complaint, in May, 1986, Worline, the Thompsons and the Marshalls filed motions to dismiss. The Sayers filed a motion to dismiss on June 7, 1986. All motions were summarily denied by the District Court.

On June 12, 1986, defendants Marshall filed a cross-claim against all other defendants alleging that the cross-defendants failed to make an annual payment on the Missoula property and requesting forfeiture and repossession of said property.

The Marshalls also counterclaimed against the Bank but this counterclaim was dismissed with prejudice on August 8, 1986.

In response to the Marshalls' cross-complaint, cross-defendants Worline, Thompson and Torgenrud filed motions for a change of venue to Missoula County. They argued that all cross-defendants reside in Missoula County, that the property at issue is located there as well, and as

such Missoula County is the proper place for trial of this action.

The District Court denied all motions for a change of venue, calling the transaction at issue a contract action, and applying § 25-2-121, MCA. Under this statute, Broadwater County was considered the place where the contract was to be performed and venue need not be moved to Missoula County. The court held that defendants Worline, Sayer and Thompson waived their right to a change of venue when they failed to move for the change at their initial appearance when filing motions to dismiss the Bank's interpleader action.

As to defendant Torgenrud, the District Court held that regardless of his timely filing of a motion to change venue, his motion was denied. The reasoning given by the court was that since, as to defendants Marshall, Worline and Sayer, the action was properly filed in Broadwater County, then pursuant to § 25-2-117, MCA, all defendants can be tried in Broadwater County.

In his memorandum in support of a change of venue, defendant Torgenrud raised the issue of separating the trials pursuant to Rule 42(b), M.R.Civ.P. The District Court refused to decide this issue due to the lack of a properly filed motion requesting separate trials as required by Rule 7(b), M.R.Civ.P.

From this order denying the motions for a change of venue, defendants Thompson appeal.

The first issue which must be resolved when determining the proper county of trial for this action is whether the transaction falls under § 25-2-121, MCA, or § 25-2-123, MCA. In other words, is this a contract transaction or a real property transaction?

Upon review of the contract for deed and escrow receipt for the property in question we find that Broadwater County

- 4 -

is not delineated as the county in which the contract was to be performed. The contract at issue secures a real property transaction. Section 25-2-123, MCA, unambiguously states that when real property is at issue, proper venue is the county in which the property is located. Broadwater County is merely the county in which the escrow documents were held. Section 25-2-121, MCA, does not apply to this case and Broadwater County is not a proper county in which to try an action based on the interpleader complaint.

The second issue of what is the proper venue for the cross-claim, supports the finding that Missoula County is the only proper county in which to try this action.

The Marshalls filed a cross-claim against the other co-defendants subsequent to the District Court's denial of the motions to dismiss the Bank's interpleader action. The cross-claim alleges that cross-defendants failed to pay an annual payment due on the contract for deed for the Missoula County real property held in escrow at the State Bank of Townsend. Further, the Marshalls requested the court to: (1) declare that the contract for deed on the Missoula property is forfeited; (2) determine that cross-defendants have no further right, title or interest in and to the subject property and to those contracts for deed pledged as security; (3) order cross-defendants to surrender possession of the Missoula property and vacate the same; and, (4) order the escrow agent to deliver the documents to them.

The Marshalls allege that they have all right, title and interest in the property in Missoula County and that the cross-defendants have none. The cross-claim demands further that cross-defendants vacate and return possession of the property to the Marshalls. This type of action is precisely what is described as a real property action in § 25-2-123(3), MCA:

The proper place of trial for all actions for the recovery of the possession of, quieting title to, or the enforcement of liens upon real property is the county in which the real property, or any part thereof, affected by such action or actions is situated.

Although there are two contracts for deed for property located in Broadwater County held in escrow along with the other documents, these contracts are not at issue as to venue. The Broadwater County property contracts for deed are being held as security for the sale of the Missoula County property to Worline and the Sayers from the Marshalls. The dispute and consequential legal action is concerned solely with the Missoula County property.

In Beavers v. Rankin (1963), 142 Mont. 570, 572, 385 P.2d 640, 641 this Court stated that "if [a] complaint contains more than one cause of action, on one of which defendant is entitled to a change of venue, the motion must be granted, though the other cause or causes of action may be properly triable where the action was commenced" citing Heinecke v. Scott (1933), 95 Mont. 200, 26 P.2d 167.

In the present case the causes of action to recover possession of and quiet title to the property in Missoula are properly tried in Missoula County only. The land in question is located in Missoula County and all cross-defendants reside in Missoula County.

We hold that Missoula County is the proper venue for issues raised by the interpleader complaint and for the cross-claim of defendants Marshall. Therefore, Missoula County is the proper county for trial of the entire action.

The third issue of whether cross-defendants Worline, Thompson and Sayer waived their right to demand a change of venue by failing to make a proper motion upon initial appearance is rendered moot because defendant Torgenrud did

not waive his right. Torgenrud's initial appearance was to move for change of venue of the case to Missoula County. "If an action with two or more defendants is brought in a county that is not a proper place of trial for any of the defendants, any defendant may make a motion for change of place of trial to any county which is a proper place of trial." Section 25-2-117, MCA.

The final request by cross-defendants for an order requiring a separation of the cross-claim from the interpleader complaint for the purpose of trial is also rendered moot by this decision.

The order of the District Court denying cross-defendant's motions for a change of venue to Missoula County is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices