No. 89-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

WHITEFISH CREDIT UNION ASSOCIATION, INC.
     Plaintiff and Appellant,
-vs-
GLACIER WILDERNESS RANCH, INC., JAMES B. CURTIS,
ROBERT E. FOSTER, MARLENE F. FOSTER, DONALD E. HEDMAN,
JAMES H. BURNS, THE FEDERAL LAND BANK OF SPOKANE,
AND MOUNTAIN BANK OF WHITEFISH,
     Defendants,
and
GLACIER WILDERNESS RANCH OWNERS ASSOCIATION, INC.,
     Intervenor and Respondent.

APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the County of Liberty,
               The Honorable John A. Warner, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

               James C. Bartlett, Hash, O'Brien & Bartlett,
               Kalispell, Montana

          For Respondent:

               F. Woodside Wright, ~~Erdmann & Wright~~, Helena,
               Montana
               E. Eugene Atherton, Kalispell, Montana
               Donald Hedman, Hedman, Hileman & LaCosta, Whitefish,
               Montana

Submitted: January 11, 1989

Decided: May 8, 1990

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Whitefish Credit Union, Inc. (WCU), plaintiff and appellant, initiated a mortgage foreclosure action in the District Court, Twelfth Judicial District, Liberty County, seeking to enforce the provisions of a promissory note secured by a real estate mortgage on property in Liberty County.

While the mortgage foreclosure was pending, Glacier Wilderness Ranch Owners' Association (GWROA) filed a motion to intervene for the purpose of filing a counterclaim in intervention against WCU. The counterclaim sought to collect outstanding dues and assessments or alternatively to foreclose a real estate lien on property situated in Flathead County. The District Court granted GWROA's motion pursuant to Rule 24(b), M.R.Civ.P. WCU then moved to change venue, in the intervention claim, from Liberty County, Montana to Flathead County, Montana. The District Court denied WCU's motion to change venue. WCU now appeals the District Court order denying change of venue. We affirm.

WCU raises two issues on appeal:

1) Did the District Court err in granting GWROA's motion to intervene?

2) Did the District Court err in denying WCU's motion to change venue?

Glacier Wilderness Ranch is a time-share condominium located at Nyack, Montana. Glacier Wilderness Ranch was developed by Glacier Wilderness Ranch, Inc. In 1983, Glacier Wilderness Ranch, Inc. filed Chapter 11 bankruptcy proceedings. WCU was a creditor in the Glacier Wilderness Ranch bankruptcy. The Bankruptcy Court, on May 6, 1985, entered its order confirming the reorganization plan of Glacier Wilderness Ranch, Inc. GWROA accepted control of Glacier Wilderness Ranch, Inc. Through the bankruptcy proceedings WCU obtained 80 time-share units at Glacier Wilderness Ranch.

On February 19, 1987, WCU filed its mortgage foreclosure

action in Liberty County, Montana, seeking to enforce the provisions of a promissory note secured by a real estate mortgage on property in Liberty County. The money had been used to develop the time-share condominiums in Nyack. The action also asserted unsecured promissory notes.

On March 14, 1988, the defendants, Robert E. Foster and Marlene F. Foster, filed their answer, asserting as their third affirmative defense, the bankruptcy proceedings of defendant, Glacier Wilderness Ranch, Inc. Similarly, on April 15, 1988, defendant, Donald E. Hedman, entered his answer, asserting as his first affirmative defense, the Chapter 11 reorganization plan confirmed by the court. Hedman alleged that WCU negotiated for and received assets of the Glacier Wilderness Ranch sufficient in value to satisfy WCU's claims under the promissory notes.

On March 31, 1989, GWROA filed a motion to intervene. GWROA claimed that Count II and III of WCU's complaint pertained to money lent by WCU for the development of the time-share project in Nyack, Flathead County; that the time-share was known as Glacier Ranch, and was now operated, post bankruptcy, by GWROA. In addition, GWROA contended WCU, through the bankruptcy proceeding obtained 80 time units, and was refusing to pay the regular assessments for the units due to GWROA. WCU claimed that under the Chapter 11 rehabilitation plan it was not responsible for those assessments. To enforce its claim GWROA filed a lien in Flathead County, against the time-share units owned by WCU.

GWROA sought to intervene pertaining to Count II and Count III of WCU's complaint on the grounds its "counterclaim relates to the original transaction." Furthermore, GWROA stated that individual defendants had raised the bankruptcy proceeding as a defense to plaintiff's claims. GWROA argued that the District Court in Liberty County would be expected to "make a determination as to the effect of the Chapter 11 bankruptcy for Glacier Wilderness Ranch, Inc." and if it did so, this could possible impair GWROA's position with regard to collecting time-share assessments from WCU. WCU resisted GWROA's motion to intervene.

3

The District Court entered its order on April 26, 1989, granting permissive intervention and authorizing the filing of a counterclaim in intervention. The District Court determined that permissive intervention was appropriate in the "interest of judicial economy" and because of "a common question of law or fact." Rule 24(b), M.R.Civ.P.

After the District Court granted GRWOA's motion to intervene, WCU moved to change venue for the counterclaim of GWROA from Liberty County to Flathead County. The District Court denied WCU's motion finding that the claims by the intervenor were incidental and subordinate to the main action, and thus venue properly belong in Liberty County.

I

**Did the District Court err in granting GWROA's motion to intervene?**

WCU contends the District Court erred by permitting the intervention since the question of whether WCU owes GWROA any money in time-share assessment fees has nothing to do with the main action of WCU against the individual defendants who signed the promissory notes.

In response, GWROA raises the question of whether the District Court order granting intervention, pursuant to Rule 24(b), M.R.Civ.P., is an interlocutory order, and thus not appealable. State, Etc. v. District Court, Etc. (1980), 189 Mont. 20, 22, 614, P.2d 1050, 1051; Schultz v. Adams (1973), 161 Mont. 463, 465, 507 P.2d 530, 532. Having examined the record and the law on this issue, we find the order is interlocutory and improperly before this Court on appeal. Rule 1(b), M.R.App.P., authorizes an appeal from a "judgment" or "order," "final judgment" and certain interlocutory judgments. A review of Rule 1(b), M.R.App.P. reveals no authority to appeal an order granting intervention under Rule 24(b), M.R.Civ.P. See Continental Ins. Co. v. Bottomly (1988), 233 Mont. 277, 279, 760 P.2d 73, 75.

We are not alone in holding grants of intervention are interlocutory, and thus not appealable. The Ninth Circuit has long

4

held that an order permitting intervention is not a final order and not appealable. Van Hoomissen v. Xerox Corporation (9th Cir. 1974), 497 F.2d 180, 181; Kris Petroleum v. Stoddard (9th Cir. 1955), 221 F.2d 801, 802. Accordingly, the grant of intervention is an interlocutory order and improperly before this Court on appeal.

## II

**Did the District Court err in denying WCU's motion to change venue?**

WCU contends that the venue statutes prevent GWROA from filing in Liberty County in order to foreclose on property situated in Flathead County. WCU relies on § 25-2-123, MCA, which states in pertinent part:

> 25-2-123. **Real Property.** (1) The proper place of trial for the following actions is the county in which the subject of the action or some part thereof is situated:
>
> (a)   * * *
>
> (b)   * * *
>
> (c)   * * *
>
> (d)   for the foreclosure of all liens and mortgages on real property.
>
> (2)   * * *
>
> (3)   The proper place of trial for all actions for recovery of the possession of, quieting the title to, or the enforcement of liens upon real property is the county in which the real property, or any part thereof, affected by such action or actions is situated.

According to WCU, venue for GWROA's counterclaim is properly in Flathead County. WCU contends that GWROA's claim against it is independent, separable and distinct from the foreclosure action between WCU and the defendants, and thus the general venue provisions (§ 25-2-123, MCA) governing an independent action apply. WCU's argument misses the mark, because GWROA's counterclaim is not

5

independent of the main action, but ancillary or incidental to WCU's foreclosure action. 77 Am.Jur.2d <u>Venue</u> § 27, sets forth the following general rule when determining venue for an ancillary cause of action:

> The general rule is that when the determination of a matter is incident to a principle action, the court having jurisdiction of the principle action may determine the ancillary or incidental proceedings, notwithstanding the venue of such an action as to such matter would, under other circumstances, be in another county.

The District Court in its order denying WCU's motion for change of venue, clearly followed the above general rule for determining venue for ancillary causes of action:

> Intervenor was allowed into this action as its claim for relief is related to plaintiff's claim against the defendants because of the Chapter 11 bankruptcy proceedings concerning Glacier Wilderness Ranch in which all parties are involved. The individual defendants have raised the bankruptcy proceeding as a defense to plaintiff's claims. It is best to have all these questions resolved as far as possible in one proceeding.
>
> The claims of intervenor against plaintiff are separate from plaintiff's claims against the defendants, which fact possibly justifies a change of venue. However, the main purpose of the action is to litigate the questions concerning the debt allegedly owed by the individual defendants to plaintiff and to foreclose a mortgage on Liberty County property. The claims of intervenor are incidental and subordinate to this purpose. The action belongs in Liberty County.

A review of the facts clearly supports the finding in the District Court order. The facts clearly show that GWROA's claim is incidental to WCU's foreclosure action. Through the Chapter 11 proceeding WCU obtained 80 time-share units at Glacier Wilderness Ranch. WCU still retains ownership over a majority of those units.

6

A dispute has arisen between WCU and GWROA over whether or not WCU is required pay assessment fees for the time-share units belonging to WCU. WCU asserts under the bankruptcy rehabilitation plan it is not responsible for those assessments. If we consider just these facts alone GWROA's claim may be independent of the foreclosure action. However, the affirmative defenses of the prior bankruptcy proceedings tie GWROA's claim of intervention in with the main action. Defendants Robert Foster, Marlene Foster and Donald Hedman raise the Chapter 11 bankruptcy as an affirmative defense to WCU's complaint. Since GWROA now operates Glacier Wilderness Ranch post-bankruptcy, it has an interest to protect in the outcome of the foreclosure action. It is clear the GWROA's counterclaim is only held to the foreclosure action because the possibility of an adverse decision in the interpretation of the effect of the Chapter 11 bankruptcy as related to the answers of the Fosters and the answer of Hedman in response to WCU's foreclosure action.

Despite the ancillary nature of the GWROA's claim, WCU seeks to characterize the GWROA's counterclaim and intervention as a cross-claim in an interpleader action and thereby bootstrap itself into the position addressed in State Bank of Townsend v. Worline (1987), 227 Mont. 315, 738 P.2d 1295. WCU's reliance on Worline, is inappropriate because Worline involved an action for interpleader not, as in this case, an action for intervention. Intervention differs from interpleader. 59 Am.Jur.2d Parties, § 125 describes the basic differences as follows:

Unlike intervention, which is the coming into a litigation already pending between parties for the purpose of assisting one or the other, or acting in hostility to both, interpleader is the institution of a suit against parties not then in court for the purpose of compelling them to litigate between themselves the right to property or performance of an obligation, and he who compels them to interplead does not assist either, nor can he claim in hostility to either.

In its interpretation of our ruling in Worline, WCU misapplies the rules of interpleader to those of intervention. However, interpleader is not the method by which GWROA became a party in the main action in Liberty County. GWROA filed a counterclaim in intervention, pursuant to Rule 24(b), M.R.Civ.P., to enter the WCU foreclosure action.

Accordingly, we affirm the District Court's order denying WCU's motion for a change of venue.

_John L. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt_

_R. G. McDonough_

_Diane G. Barz_

_Justices_

8