No. 14268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

MARION C. McCLURG and
LOIS K. McCLURG, husband and wife,

Plaintiffs and Appellants,

-vs-

FLATHEAD COUNTY COMMISSIONERS,
and CLIFFORD VINJE, Road Supervisor,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellants:

M. Keith McClurg argued, Big Fork, Montana

For Respondents:

Patrick Springer, County Attorney, Kalispell, Montana
Leonard A. Vadala argued, Deputy County Attorney, Kalispell,
Montana

---

Submitted: October 20, 1978

Decided: DEC 6 - 1978

Filed: DEC

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs appeal from an order of the District Court, Flathead County, setting aside a default entered in their favor by the clerk of said court.

Plaintiffs filed a declaratory judgment action seeking permission to barricade a road running through a corner of a parcel of land owned by them. They alleged that the road was an inconvenience to them in that automobiles often became stuck on a steep incline in the winter and put them to time and expense extricating motorists with their tractor. Since there was another route existing by which cars could reach the same destinations, plaintiffs wanted to erect signs indicating that the road on their land was a deadend private drive.

The Flathead County Commissioners, named as defendants in the action, failed to file a responsive pleading within the time limits provided by the Montana Rules of Civil Procedure. Plaintiffs had the clerk of court enter defendants' default pursuant to Rule 55(a), M.R.Civ.P. Before default judgment had been entered, however, the county commissioners filed a motion to set aside their default. The District Court granted this motion. Plaintiffs appeal.

The right of appeal exists only by statute or rule. Payne v. Mountain States Telephone & Telegraph Co. (1963), 142 Mont. 406, 385 P.2d 100. There is no statute or rule authorizing appeal from an order setting aside entry of default before judgment is taken.

Rule 1(a), M.R.App.Civ.P. provides that an appeal may be taken from a final judgment entered in an action commenced in a District Court. As a general rule, an order setting aside an entry of default where judgment has not been entered is not such a final order and is, therefore, not appealable. Annot. 8 ALR3d

- 2 -

1272, 1278; 4 Am Jur 2d Appeal and Error §127. Entry of default is merely "an interlocutory act looking toward the subsequent entry of a final judgment by default and is more in the nature of a formal matter." Whaley v. Rhodes (1970), 10 N.C.App. 109, 177 S.E.2d 735, 736, citing 6 Moore's Federal Practice ¶55.10[1], at 1827 (2d ed. 1966), construing Rule 55(a), F.R.Civ.P., which is identical to the corresponding Montana rule. We have expressly held that an order setting aside a default is not appealable where final judgment has not been entered. Blevins v. Kramer (1978), ____Mont.____, ____P.2d____, 35 St.Rep.____, (decided December 5, 1978.

Appeal dismissed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices