No. 14893

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

GERALD H. BOSTWICK and
MARJORIE E. BOSTWICK,

                Plaintiff and Respondent,

    vs.

THE DEPARTMENT OF HIGHWAYS
OF THE STATE OF MONTANA,

                Defendant and Appellant.

Appeal from:  District Court of the Fifth Judicial District,
              Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Terry Clausen, Dept. of Highways, Helena, Montana

    For Respondent:

        Frank Davis, Dillon, Montana

Submitted on briefs: April 3, 1980

Decided: JUN 1 7 1980

Filed: JUN 2 1980

_Thomas J. Kearney_
                  Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant Department of Highways appeals from an interlocutory decision of the Beaverhead County District Court, sitting without a jury, that plaintiffs were entitled to compensation for the loss of reasonable access to their property. We dismiss the appeal without prejudice on the grounds that a final judgment has not yet been entered in this case and the interlocutory order is not appealable.

Plaintiffs are the owners of a warehouse located on East Helena and Washington Streets in Dillon, Montana. The warehouse serves the plaintiffs' own trucking needs and provides rental space for various transportation and moving lines. Trucking firms which use the warehouse unload their storage through a freight door facing East Helena Street. Approaching truckers either back their trucks to the freight door or parallel park on the sidewalk between East Helena Street and the door.

In 1977 defendant Department of Highways placed signal poles on the sidewalk and traffic island near the door. These poles prevent approaching trucks from parking parallel to the warehouse. Since the installation of these poles, virtually all of plaintiffs' customers have sought storage space elsewhere.

On January 25, 1978, plaintiffs filed a complaint seeking damages of $100,000 for the Department of Highway's denial of access to their warehouse. The Department filed an answer which admitted that the signal poles were erected on East Helena Street but denied that a taking of plaintiffs' property had occurred.

At trial plaintiff Gerald Bostwick testified that the warehouse would be worth $100,000 if it could be used to rent storage space. He stated that he averaged $600 per month from rentals prior to 1965 and $1,000 per month between 1965 and 1970. Since 1977 all but one of plaintiffs' customers have stopped using the warehouse and, according to plaintiffs, the value of the warehouse now is only $20,000.

Plaintiff Bostwick on cross-examination testified that he maintained a regular set of books which would support his testimony as to business loss. He did not, however, produce the books. Counsel for the Department moved the trial court to strike Bostwick's testimony because the written records were the best evidence of business profits and losses. The trial court denied the motion.

The case was tried on the issue of whether plaintiffs were entitled to compensation, and if so, how much. Both parties submitted proposed findings of fact and conclusions of law at the end of the trial, and the trial court adopted verbatim the findings and conclusions submitted by plaintiffs. These findings and conclusions admitted that testimony concerning damages was general and somewhat speculative. They also contained a provision, however, that the trial court reserved the right to conduct a special hearing on damages, if after ninety days the parties were unable to reach agreement on this amount. The last paragraph of the findings and conclusions stated, "let judgment be entered accordingly." The trial court later denied the Department's motion to amend the findings and conclusions.

Judgment was never entered. The Department has appealed from the so-called findings and conclusions entered by the trial court. The essential issues raised by the Department

are its contentions that plaintiffs failed to establish either a compensable taking or damages. In the absence of a final judgment, we will not reach either of these issues.

The trial court's order determined compensability but reserved the question of damages for a later hearing. As such, the order was interlocutory and not appealable. See State ex rel. Great Falls Nat. Bank v. District Court (1969), 154 Mont. 336, 463 P.2d 326; Rule 1, M.R.App.Civ.P.

The appeal is dismissed without prejudice.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

-4-

Mr. Justice Daniel J. Shea concurring:

I concur with the dismissal of this appeal upon the grounds that it is not ready for review. Rule 1, M.R.App. Civ.P. coupled with the failure to comply with Rule 54(b) (certification of questions for appeal which are not otherwise final), clearly requires this result. See Rob Roy v. Neibauer (1980), ___ Mont. ___, ___ P.2d ___, 37 St.Rep. 897, where this Court, because of the persistent failure of the district courts and the attorneys of this state to comply with Rule 1 and Rule 54(b), we set out the procedures and requirements for obtaining certification.

It is clear that the District Court proceeded in blatant violation of the procedural rules governing trials. In essence, he granted the plaintiffs two bites of the apple. I am aware of no powers of the trial court to in effect open the trial up for an additional hearing on damages in the event the parties cannot reach agreement as to the damages. The question of damages was fully litigated at trial and the trial court has no right to impose an additional evidentiary hearing on the state in the event it does not capitulate to the plaintiffs' demands. Either the record before the trial court establishes the right to compensation and the amount to which plaintiffs are entitled, or it does not. For this reason, upon this dismissal without prejudice, and remand to the District Court, I would direct the District Court to enter judgment based on the record before it. This court should not ignore the fact that the State of Montana also has rights in condemnation actions, and they have been manifestly abused in this case.

Justice

- 5 -