No. 85-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

GEORGE L. STEVENS and GERTRUDE L.
STEVENS,

        Plaintiffs and Respondents,

    -vs-

MICHAEL G. ABBOT, d/b/a MICHAEL'S
ITALIAN RESTAURANT, and JAMES
McQUADE,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H.L. McChesney, Missoula, Montana

    For Respondent:

        William Baldassin, Missoula, Montana

---

Submitted on Briefs: Nov. 14, 1985

Decided: January 28, 1986

Filed: JAN 28 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The defendants appeal from an order of the Missoula County District Court which, as a discovery sanction, granted default judgment for plaintiffs on the issue of liability. We hold that an order which grants a default judgment on the issue of liability, reserving determination of the amount of damages, is not appealable.

In 1981, the plaintiffs and Mr. Abbott, one of the defendants, entered an agreement whereby Mr. Abbott would purchase plaintiffs' restaurant business and related property. Mr. McQuade, the other defendant, guaranteed the obligations of Mr. Abbott. In late 1983, plaintiffs filed a complaint against defendants Abbott and McQuade, seeking damages for fraud and breach of contract. The defendants' responsive pleading included a counterclaim. As part of considerable discovery by both parties, plaintiffs' attorney served supplemental discovery requests upon defendants' attorney in January, 1985. Defendants' attorney was unable to locate his clients to advise them of the discovery request. After the 30-day period allowed for defendants' response had expired, the District Court issued an order compelling discovery within an additional 14 days. During this time, defendants' attorney was apparently still unable to locate Mr. Abbott, and Mr. McQuade was in Europe, with plans to return within a month. When the 14-day period had passed, plaintiffs filed a motion to impose sanctions. Ten days later, at the hearing on that motion, defendants' attorney asked for more time to respond to the discovery requests. The court refused to extend the deadline, and granted sanctions under Rule 37(b) M.R.Civ.P. The sanctions included entering default judgment against defendants on the

issue of liability, assessing two hundred eighty five dollars against defendants for plaintiffs' attorney fees, and striking defendants' counterclaim. The court reserved determination of the amount of plaintiffs' damages for a later hearing before a jury.

The defendants argue that the entry of their default is too severe, and that the District Court abused its discretion in imposing such a harsh sanction. Plaintiffs argue that the sanctions imposed are well within the District Court's discretion. Plaintiffs also raise the preliminary issue of whether the District Court's order is appealable, at this stage in the proceedings.

"The right of appeal exists only by statute or rule." McClurg v. Flathead County Com'rs (1978), 179 Mont. 518, 519, 587 P.2d 415, 416. There is no statute or rule authorizing appeal from an order granting default judgment on the issue of liability. This is not one of the types of orders specifically set out as appealable in Rule 1(b) and (c) M.R.App.Civ.P., and no certification of the order under Rule 54(b) M.R.Civ.P. has been obtained from the District Court.

Rule 1(a) M.R.App.Civ.P. provides that an appeal may be taken from a final judgment entered in an action commenced in a District Court. This Court has held that an order determining liability only, and reserving the issue of damages, is not a final order in a summary judgment, Weston v. Kuntz (1980), 187 Mont. 453, 610 P.2d 172, or after a trial on the merits. Bostwick v. Dept. of Highways (1980), 188 Mont. 313, 613 P.2d 997. The federal appellate courts recognize the general rule that any order which determines liability, but not amount of damages, is not a final, appealable order. Nat. Steel, Etc. v. Dir., Office of W. Comp. Pro. (9th Cir. 1980), 626 F.2d 106. The Supreme Court

3

of Wyoming has specifically held that an order granting a default on the issue of liability, but reserving determination of damages, is not appealable. Dexter v. O'Neal (Wyo. 1982), 649 P.2d 680. We adopt the reasoning of these courts.

We hold that a default judgment entered on the issue of liability alone is not a final, appealable order. We therefore do not consider the issue of whether the District Court abused its discretion by imposing a too-severe sanction. The appeal is dismissed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

4