No. 86-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

GEORGE L. STEVENS and GERTRUDE L.
STEVENS,

        Plaintiffs and Respondents,

    -vs-

MICHAEL G. ABBOTT, d/b/a MICHAEL'S
ITALIAN RESTAURANT, and JAMES McQUADE,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael G. Abbott, pro se, Boise, Idaho

    For Respondent:

        Sullivan & Baldassin; William R. Baldassin, Missoula,
Montana

---

Submitted on Briefs:  Feb. 13, 1987

Decided:  August 17, 1987

Filed:  AUG 17 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


This is an appeal of an award of damages for breach of contract from the District Court, Fourth Judicial District, County of Missoula. We affirm the judgment of the District Court.

Respondents George and Gertrude Stevens entered into a conditional sales agreement for the sale of their Missoula restaurant, Rodoni's, to Michael G. Abbott, one of the appellants. The other appellant, James McQuade, personally guaranteed Abbott's performance under the agreement. Under the terms of the agreement, the Stevens agreed to transfer title to the business, the lease of the premises and all personal property of the restaurant to Abbott when he had completed his payments.

The purchase price of the business was the assumption by Abbott of the following obligations:

> 1. Seven Thousand One Hundred Ninety-one and 88/100 Dollars ($7,191.88) by the Buyer assuming an existing loan to the Missoula Bank of Montana, loan #14734, a copy of said Note is attached hereto as Exhibit "B". The installment loan has an unpaid principal balance of Seven Thousand Dollars ($7,000.00). It is understood by the Buyer that the loan will be extended ninety (90) days and thereafter a monthly payment schedule to be determined.

> 2. Seventy-two Thousand Six Hundred Ninety-five Thousand [sic] and 08/100 Dollars ($72,695.08) by the Buyer assuming an existing installment loan to the Missoula Bank of Montana, in its entirety and agreeing to pay it according to its terms. The installment loan is designated as loan #14553, a copy of which is attached as Exhibit "C", and is payable in monthly installments of One Thousand Three Hundred Dollars ($1,300.00). The Buyer shall be responsible for each monthly installment payment

commencing with the date of this agreement, said installment payments to be made directly to the Missoula Bank of Montana.

3. Twenty-three Thousand Nine Hundred Twelve Dollars ($23,912.00), together with interest thereon or so much thereof as remains from time to time unpaid, at the rate of Ten percent (10%) per annum, payable in installments of Three Hundred Sixty-one and 07/100 Dollars ($361.07) per month, pursuant to the terms and conditions of an Agreement dated the 1st day of April, 1981, wherein PAMCO, INC., is Seller, and George L. Stevens and Gertrude L. Stevens, are Buyers, a copy of which is attached as Exhibit "E". (Missoula Bank of Montana Escrow No. 1214).

4. Eleven Thousand Sixty Dollars ($11,060.00), at the rate of Ten percent (10%) interest per annum, payable in installments of One Hundred Sixty-five Dollars ($165.00) per month, pursuant to the terms and conditions of an Agreement dated the 1st day of April, 1981, wherein PAMCO, INC., is Seller, and George L. Stevens and Gertrude L. Stevens, are Buyers, a copy of which is attached as Exhibit "E", see paragraph 3. (Missoula Bank of Montana Escrow No. 1214A).

5. Four Thousand Seven Hundred Twenty-seven Dollars ($4,727.00) at the rate of eight percent (8%) per annum, in equal monthly installments of Two Hundred Dollars ($200.00) per month, principal and interest included, pursuant to the terms and conditions of an Agreement dated the 3rd day of November, 1978, by and between Daniel T. Burns, Assignor, and George L. Stevens and Gertrude L. Stevens, Assignee, which Agreement was subsequently assigned by Assignor to James Rose and Florence Rose, a copy of which is attached as Exhibit "F". (Montana Bank of South Missoula Escrow No. NONE ).

6. Four Thousand Seven Hundred Forty-six Dollars ($4,746.00), at the rate of eight percent (8%) per annum, in equal monthly installments of Two Hundred Dollars ($200.00) per month, principal and interest included, pursuant to the terms and conditions of a Commission Agreement dated the 4th day of October, 1978, by and between Daniel T. Burns and George L.

Stevens and Gertrude L. Stevens, a copy of which is attached as Exhibit "G". (Montana Bank of South Missoula Escrow No. _____).

7. Buyer's assuming the accounts payable of Rodoni's incurred by Sellers up to the full sum of Five Thousand Five Hundred Dollars ($5,500.00). Buyer shall account to Sellers for payment of all accounts payable. In the event such accounts exceed the sum of Five Thousand Five Hundred Dollars ($5,500.00), Buyer shall notify Sellers, and Sellers shall make payment and be responsible for any such accounts in excess of that amount.

8. Buyer agrees to pay all escrow charges associated with each of the above accounts.

Abbott was to make monthly payments of $2,061.07 to an escrow agent until the above obligations were paid.

Neither Abbott nor McQuade made the payments required on the above obligations. The Stevens served notices of default on both Abbott and McQuade in July, 1983, giving them 30 days to cure their default. Abbott failed to cure the default and McQuade refused to honor his guarantee in connection with the obligations. In November, 1983, the Stevens filed a complaint against Abbott and McQuade for breach of contract and fraud, and sought compensatory and punitive damages.

Abbott and McQuade filed an answer and counterclaim, but never responded to the Stevens' requests for discovery. In February, 1985, the Stevens filed a motion to compel discovery and impose sanctions. Abbott and McQuade were given until March 22, 1985 to respond to the Stevens' interrogatories and requests for admission. When they failed to respond, the District Court held a hearing to impose sanctions upon them. As a result of the hearing, a default judgment was entered against Abbott and McQuade on the issue of liability, their counterclaims were dismissed, and the Stevens were awarded attorney fees. Abbott and McQuade

appealed the default judgment to this Court in Stevens v. Abbott (Mont. 1986), 712 P.2d 1347, 43 St.Rep. 173. We dismissed that appeal on the grounds that a default judgment entered on the issue of liability alone was not a final appealable order.

Trial was held on the issue of damages in April, 1986. By order of June 16, 1986, the District Court awarded judgment in favor of the Stevens in the amount of $174,201.41 plus interest at 10% per annum from the date of the judgment. Abbott and McQuade then filed a motion for new trial and for amendment of judgment, such motions being denied by the District Court on July 31, 1986. McQuade then filed a notice of appeal to this Court for himself pro se and on behalf of Michael G. Abbott. On April 16, 1987, we issued an order staying proceedings until Michael Abbott ratified the McQuade appeal and briefed his own case. Abbott has ratified McQuade's notice of appeal by a brief filed May 14, 1987, and we now rule on whether the District Court's award of damages was clearly in excess of those allowed by law.

The proper measure of damages for breach of contract is the amount which will compensate the aggrieved party for all detriment proximately caused by the breach, and all damages which would result from the breach in the ordinary course of things. Section 27-1-311, MCA. The purpose of the damages award in an action for breach of contract is to place the wronged party in as good a position as if the contract had been performed. Castillo v. Franks (Mont. 1984), 690 P.2d 425, 430, 41 St.Rep. 2071, 2077.

In conclusions of law 7(a) through (s), the District Court listed the obligations which Abbott was to assume under the terms of the sales contract; the court also listed sums paid by the Stevens on outstanding accounts payable incurred by Abbott, such as power service, garbage service and

- 5 -

advertising debts.  These debts were clearly ascertainable and a direct result of Abbott's breach of the sales contract. The court properly awarded the Stevens the amount spent in paying off the debts, as well as interest at 10% from the date of judgment.  Section 25-9-205, MCA.

The District Court awarded the Stevens their attorney fees and costs incurred in prosecuting this lawsuit.  The sales contract provided for an award of attorney fees to the party for any action to enforce the contract.  Therefore the District Court was correct in awarding the Stevens their costs and attorney fees.  The contract also provides for an award of attorney fees to the prevailing party on an appeal from a judgment from the District Court.  We hold the Stevens are entitled to their costs and reasonable attorney fees on the appeal in this cause.

The judgment of the District Court is affirmed, and the case is remanded for determination of attorney fees and costs in taking this appeal.  Let remittitur issue forthwith.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 6 -