No. 87-528
88-92

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN THE MATTER OF THE ADJUDICATION OF         87-528
THE EXISTING RIGHTS TO THE USE OF ALL
THE WATER, BOTH SURFACE AND UNDERGROUND,
WITHIN THE SAGE CREEK DRAINAGE AREA,
INCLUDING ALL TRIBUTARIES OF THE SAGE
CREEK IN LIBERTY AND HILL COUNTIES, MONTANA.

-------------------------------------

IN THE MATTER OF THE ADJUDICATION OF THE     88-92
EXISTING RIGHTS TO THE USE OF ALL THE WATER,
BOTH SURFACE AND UNDERGROUND WITHIN THE BOULDER
RIVER DRAINAGE AREA INCLUDING ALL TRIBUTARIES
OF THE BOULDER RIVER, TRIBUTARY OF THE YELLOWSTONE
RIVER, IN SWEET GRASS AND PARK COUNTIES, MONTANA.

APPEAL FROM:   The Water Court of the State of Montana
              The Honorable W. W. Lessley, Judge presiding.

COUNSEL OF RECORD:
     For Appellant:
          Moore, Rice, O'Connell & Refling; David Moon argued,
          Bozeman, Montana
          J. David Penwell argued, Bozeman, Montana
     For Respondent:
          Lilly, Andriolo & Schraudner; Leanne Schraudner argued,
          Bozeman, Montana
          Matthew W. Williams, Bozeman, Montana
          Edward Borer, Great Falls, Montana
          Keith Tokerud argued, Great Falls, Montana
          Kenneth P. Pitt, Asst. U.S. Atty., Missoula, Montana
          Eileen Shore, Dept. Fish, Wildlife & Parks, Helena
          Linda Hickman, Water Master, Bozeman, Montana
          John R. Hill, Jr. argued, U.S. Dept. Justice, Denver,
          Colorado

Submitted:  September 13, 1988
Decided:  October 11, 1988

Filed:

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

We determine in these cases consolidated for appeal that there is no right of appeal granted to a water right claimant under the state water rights adjudication process [§ 85-2-201, -243, MCA], except from a final decree entered under § 85-2-234, MCA; that the Montana Rules of Civil Procedure are included in the rules that govern the practice of the Water Courts [Rule 1.II(2), Water Claims Examination Rules]; that Rule 54(b) of the Montana Rules of Civil Procedure provides for and allows a water right claimant to seek and procure from the Water Court an express direction for the entry of a final judgment as to his water right claim, upon the express determination of the Water Court that there is no just reason for delay; and that such action of the Water Court under Rule 54(b) would be and constitute a final judgment within the meaning of § 85-2-235, MCA, providing for appeals from the Water Court.

In each of the above captioned cases, we were presented with the common issue of the appealability from an interlocutory order of the Water Court. Since we have not before spoken on this precise issue, we consolidated the captioned cases for disposal as to that issue, reserving decision if need be on the remaining issues on each cause. Oral argument was granted and heard on the common issue of appealability and now, having fully considered the matter, we determine that in each case the appeal must be dismissed, subject to further proceedings in the Water Court as hereafter discussed.

NO. 87-528 (SAGE CREEK)

Rambo Grain and Cattle Company, the Lazy DX Ranch, and Terry and Mary Stevenson separately appeal from an order of the Water Court, dated October 18, 1987, modifying an earlier temporary preliminary decree entered in the Sage Creek Drainage adjudication, holding that the doctrine of collateral estoppel bars these appellants from claiming any water rights different from those found in an earlier District Court judgment outside the Water Court.

Sage Creek Colony has also appealed, and Burkhartsmeyer Land Company has cross-appealed, though these parties appear to be content with the October 18, 1987 order of the Water Court.

In 1974, Burkhartsmeyer, Rambo, Stevenson (now Lazy DX Ranch) and Black Butte Ranch (not a party to the appeal) filed a complaint in the District Court, Twelfth Judicial District, Hill County, under § 85-2-406(2), MCA, against Sage Creek Colony. The plaintiffs in that case claimed that Sage Creek Colony was interfering with their water rights in Sage Creek. All of the parties relied on notices of appropriation to establish their respective water rights. The Hon. W. W. Lessley, sitting in 1982 as a district judge in that case, made findings of fact and conclusions of law. The court determined that Sage Creek Colony had the earliest priority dates established in 1890 and 1891. Rambo and Burkhartsmeyer were accorded one early right each, with a priority date of 1898. Other water rights claimed by Rambo, Burkhartsmeyer and Stevenson were denied by the District Court because the alleged current places and uses of the waters failed to match the land described in the prior notices.

No appeal by any party was taken from the District Court judgment entered under § 85-2-406(2), MCA. Later, in the Water Court proceedings adjudicating the Sage Creek Drainage area, a preliminary decree was issued on December 29, 1983 by

the Water Court. The preliminary decree was ordered changed by the Water Court on August 27, 1984, to a "temporary preliminary decree." Objections to the temporary preliminary decree were filed by Burkhartsmeyer, Rambo, Sage Creek Colony, and other parties. Burkhartsmeyer objected that the water rights accorded the parties by the 1982 decree in the District Court action had not been included in the temporary preliminary decree of the Water Court. After hearing, the water master prepared a report and Judge Lessley, by order, adopted the report on October 18, 1987, which conformed the parties' rights to water in Sage Creek pursuant to the 1982 District Court decree. The Water Court held that collateral estoppel applied to these parties as between themselves because of the 1982 decree in the District Court action, and that the rights of the parties as between themselves had there been finally adjudicated.

Sage Creek appealed from the Water Court order; Rambo followed suit, as did the Stevensons. Burkhartsmeyer also filed a notice of appeal.

Rambo and Stevenson both contend that appeal in this case should lie. Sage Creek and Burkhartsmeyer each contend that an appeal does not lie.

Sage Creek argues that the Water Court order of October 18, 1987 is clearly interlocutory and settles a very narrow issue, whether collateral estoppel bars these parties from further litigating their water rights in the Water Court. It contends that the only appeal permitted in Water Court proceedings is from a final decree entered under § 85-2-234, MCA, for which the right of appeal is granted in § 85-2-235, MCA.

Burkhartsmeyer likewise contends that an appeal does not lie from an interlocutory order. It cites Bostwick v. Department of Highways (1980), 188 Mont. 313, 613 P.2d 997,

- 4 -

and distinguishes our earlier decisions in State ex rel. Greely v. Water Court (Mont. 1984), 691 P.2d 833, 41 St.Rep. 2373; and Esther McDonald v. State of Montana (Mont. 1986), 722 P.2d 598, 43 St.Rep. 1397. Burkhartsmeyer further contends that § 85-2-235, MCA, is not ambiguous and that no appeal lies in Water Court proceedings except from a final decree.

On the other hand, Rambo argues that an appeal should lie in this case because as to these parties, the decision of the Water Court applying collateral estoppel is a "final decree" of their water rights, since they cannot litigate any further. Rambo also argues that a literal reading of § 85-2-235, MCA, makes no sense now and will cause backlogs in the Supreme Court when final decrees are finally entered in the various basins of Montana.

Stevensons and the Lazy DX Ranch also argue that their rights are now definitely resolved by the Water Court, that the objection deadlines for water rights in the temporary preliminary decree for Sage Creek is now over and hence there can be no subsequent attack on these particular uses. Stevensons then argue that unless an appeal is now allowed, the result would be waste, duplication of effort, and overall uncertainty which cannot be the legislative intent under § 85-2-234, MCA.

NO. 88-092 (BOULDER RIVER DRAINAGE)

In the Boulder River Drainage adjudication, Don C. Cowles appeals from an order of the Water Court, dated January 13, 1988 by the Hon. W. W. Lessley, Chief Water Judge, holding that water rights claimed by Cowles for certain mining rights ". . . have been abandoned and such shall be removed from the temporary preliminary decree of existing water rights in the Boulder River, tributary of the Yellowstone River Basin."

United States of America, as appellee, has moved to dismiss the appeal of Cowles to this Court for lack of jurisdiction. The United States contends that a temporary preliminary decree is but a preliminary step to the final adjudication of water rights in the Boulder River Basin. Water Court Rule No. 1.II(7) provides that any decree of the Water Court which is not a final decree under § 85-2-234, MCA, shall be considered a temporary preliminary decree or interlocutory decree. The United States contends that a party may not appeal from an interlocutory or non-final order. Blevins v. Kramer (1978), 179 Mont. 193, 587 P.2d 28. It argues that absent an express determination by the Water Court of no just reason for delay or an express direction for the entry of a final judgment, this Court lacks jurisdiction to entertain an appeal. Knoepke v. Southwestern Railway Company (1979), 182 Mont. 74, 595 P.2d 376. The federal government relies particularly upon Roy v. Neibauer (1980), 188 Mont. 81, 610 P.2d 1185 for its contentions that a temporary preliminary decree is not a final judgment appealable under the Montana Rules of Appellate Civil Procedure; that when premature appeals are brought in this Court, it is the duty of the parties to bring the lack of jurisdiction to the attention of the Court, and that if the appeal is now allowed, it might again face the same issue when a final decree is entered in the Boulder River basin.

DISCUSSION

A right of appeal exists only by statute or rule, and without a supporting statute or rule, there can be no appeal. State ex rel. Adamson v. District Court, Fourth Judicial District, Lake County (1955), 128 Mont. 538, 279 P.2d 691; McClurg v. Flathead County Commissioners (1978), 179 Mont. 518, 587 P.2d 415. The right of appeal is purely statutory.

- 6 -

Sheridan County Electric Coop v. Anhalt (1953), 127 Mont. 71, 257 P.2d 889.

The statutory provision for the entry of a final decree in water right claims adjudication is found in § 85-2-234, MCA. The only right of appeal expressed in the statutes pertaining to Water Court adjudications is found in § 85-2-235, MCA. We offer that statute for examination:

> A person whose existing rights and priorities are determined in the final decree may appeal the determination only if:
>
> (1) he requested a hearing and appeared and entered objections to the preliminary decree; or
>
> (2) his rights as determined in the preliminary decree were altered as the result of a hearing requested by another person.

An interlocutory order is normally not appealable unless there is a specific provision making it so. State ex rel. Kesterson v. District Court, Fourth Judicial, Missoula County (1980), 189 Mont. 20, 614 P.2d 1050; Schultz v. Adams (1973), 161 Mont. 463, 401 P.2d 530.

Under the Water Court rules, which we have promulgated, we have defined "final decree," "temporary preliminary decree," and "preliminary decree."

> "Final Decree" means the final Water Court determination of existing water rights within a basin or subbasin, as described in § 85-2-234, MCA.

(Rule 1.III(23), Montana Water Right Claims Examinations Rules.)

> "Temporary Preliminary Decree" means a water court decree, prior to the issuance of the preliminary decree, as necessary for the orderly administration of existing water rights pursuant to Section 85-2-231, MCA.

(Rule 1.III(51), Rules, supra.)

- 7 -

> "Preliminary Decree" means the preliminary water
> court determination of existing water rights within
> a basin or subbasin or described in section
> 85-2-231, MCA, which precedes the final decree.

(Rule 1.III(43), Rules, supra.)

The Rules contemplate that the Water Court, by an order,
can designate a temporary preliminary decree to assume the
effect of a preliminary decree:

> The Water Court may order that any temporary
> preliminary decree or other interlocutory decree
> heretofore or hereafter entered in any action
> pending before the Water Court, as amended by the
> inclusion of a determination of Indian or Federal
> Reserved water rights, shall be and constitute a
> preliminary decree in accordance with § 85-2-231,
> MCA, and the procedures related to preliminary
> decrees set forth in §§ 85-2-231, 85-2-232,
> 85-2-233, 85-2-234, shall thereafter occur with
> respect to such preliminary decree.

Rule 1.II(7), Rules, supra.)

The parties contending here for a right of appeal point
to State ex rel. Greely v. Water Court and Esther McDonald v.
State of Montana, supra., wherein, because of exigent
circumstances, we accepted jurisdiction of cases involving
the Water Court before entry of a final decree. In those
cases, however, we had problems of statewide impact and our
jurisdiction was founded upon our power of supervisory
control of the Water Courts. Moreover, those decisions
affected many adjudications and not the narrowly defined
issues that are presented in the cases before us now.

We recognize, too, the difficulties faced by the
proposed appellants in these consolidated cases. In Cowles'
case, a final determination as to his water rights for his
mining claims is essential to him. In the Sage Creek
drainage case, if appeal is not allowed now, objections to
the collateral estoppel doctrine are postponed until a final

decree is entered on Sage Creek. In water adjudication matters, final decrees may yet be a long way off.

However, we have no jurisdiction to entertain these appeals, and if we accepted them, we would open the door to appeals from every interlocutory order made by the Water Courts in the thousands of adjudications being made there.

We are helped to a final disposition of these proposed appeals by our decision in Hill v. Merrimac Cattle Company, Inc. (1984), 211 Mont. 479, 687 P.2d 59, 65. In that case, an original action was brought in the District Court, Tenth Judicial District, Judith Basin County by Merrimac against Hill, alleging trespass and seeking injunctive relief and damages for Hill's actions. Hill had already filed an action in Water Court to determine the priorities of the rights of the parties to the streams in question. The Water Court determined their respective water rights first, while the trespass and damage claims were reserved in the separate District Court action until the final determination of the water rights litigation. In that case, Merrimac argued on appeal from the Water Court adjudication between the parties that we had no jurisdiction because there was no final decree under § 85-2-235, MCA. We retained jurisdiction, however, and decided the appeal, because the Water Court had entered a Rule 54(b) certification, because the dispute involved only two parties who had to know their water allowances, and because the remaining issues pending in the District Court could not be decided until the Water Court issues had been determined, which affected the parties' right to a speedy trial.

The Montana Rules of Civil Procedure are a part of the rules governing the practice in the Water Courts:

> Application of other rules; admissibility of DNRC Data. Except as where specifically provided for in

these rules, the Montana Rules of Civil Procedure (M.R.Civ.P.), the Montana Rules of Evidence (M.R.Evid.) and the Supreme Court of Montana, Uniform Court Rules for Local District Courts govern the practice of the water courts.

Rule 1.II(2), Water Claims Examination Rules.

Under the rules therefore, a water right claimant who is a litigant before the Water Court has the right to move in the Water Court for a Rule 54(b) certificate when the litigant is adversely affected by an interlocutory order or a temporary preliminary decree of the Water Court. Rule 54(b), M.R.Civ.P., provides:

> Judgment upon multiple claims or involving multiple parties. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or form of decision, however designated, which adjudicates less than all the claims or rights of liabilities of all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.

From the provisions of Rule 54(b), we can see that its purpose is to retain jurisdiction in the District Court and in this case, the Water Court, with power to revise the judgment at any time before the entry of final judgment adjudicating all of the claims therein involved. In those cases where the court determines that there is no just reason for delay and that its determination is in effect and fact final, the court may permit an appeal by granting a Rule 54(b) certificate.

In discussing the use and purpose of Rule 54(b) in its federal version, the United States Supreme Court said in Sears, Roebuck and Company v. Mackey (1956), 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed 1297:

> In this form, it does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case. The amended rule does not apply to a single claim action nor to multiple claims actions in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which "one or more but less than all" of the multiple claims have been finally decided or are therefore otherwise ready for appeal. (Emphasis in original.)

351 U.S. at 435, 76 S.Ct. at 899, 100 L.Ed at 1306.

In the federal system, as in Montana's, an appeal is permitted from a district court to the United States Court of Appeals only from a final order or judgment. 28 U.S.C. § 1291. In Sears, Roebuck and Company, supra, the Supreme Court decided that under a Rule 54(b) certificate a preliminary order became a final judgment within the meaning of § 1291. That Court stated:

> . . . The District Court cannot in the exercise of its discretion treat as "final" that which is not final within the meaning of § 1291. But the District Court may by the exercise of its discretion of the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all claims of multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the court of appeals.

. . .

> Rule 54(b), in its amended form, is a comparable exercise of the rulemaking authority of this Court. It does not supersede any statute controlling appellate jurisdiction. It scrupulously recognizes the statutory requirement of a "final decision" under § 1291 as a basic requirement for an appeal to the court of appeals. It merely administers that requirement in a practical manner in multiple claims actions and does so by rule instead of by judicial decision. By its negative effect it operates to restrict in a valid manner the number of appeals in multiple claims actions.

> We reach a like conclusion as to the validity of the amended rule where the District Court acts affirmatively and thus assists in properly timing the release of final decisions in multiple claims actions. The amended rule adapts the single judicial unit theory so that it better meets the needs of judicial administration. Just as Rule 54(b) in its original form resulted in the release of some decisions in claims in multiple claims actions before they would otherwise be released, so amended Rule 54(b) now makes possible the release of more of such decisions subject to judicial supervision. The amended rule preserves historic federal policy against piecemeal appeals in many cases more effectively than did the original rule. (Emphasis in original.)

351 U.S. at 437-438, 76 S.Ct. 900-901, 100 L.Ed. 1307.

The objectives of Rule 54(b) which were approved by the United States Supreme Court in Sears, Roebuck, are the same objectives of Rule 54(b) of the Montana Rules and are similarly approved by us. In Water Court adjudications, therefore, in proper cases, the Water Court may exercise its jurisdiction to determine to release for appeal certain of its interlocutory orders or decrees by issuing a Rule 54(b) certificate.

We must regard the provisions of § 85-2-235, MCA, providing only for appeals from a final decree as an

- 12 -

expression of state policy against piecemeal appeals. It follows that Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. Panichella v. Pennsylvania Railroad Company (3d Cir. 1958), 252 F.2d 452, 455. On the other hand, the "harsh case" test is neither workable nor entirely reliable as a benchmark for appellate review as noted by the Supreme Court in Curtiss-Wright Corporation v. General Electric Company (1980), 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1. As that Court stated, "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the [water] courts to follow." 446 U.S. at 10-11, 100 S.Ct. at 1466.

In the status of the present cases before this Court, where no Rule 54(b) certificates were sought or granted, we hold that we have no jurisdiction to hear these appeals. We therefore dismiss each of these appeals and remand the causes to the Water Court, but without prejudice to the respective parties seeking Rule 54(b) certificates, a matter we leave to the reasonable discretion of the Water Courts.

Dismissed. No costs to any party. Let remittitur issue forthwith.

_____
John C. Sheehy
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

John Conway Harrison

L. C. McKinnon

L. C. Gulbrandson

_____
          Justices

_____
Hon. Frank I. Haswell,
sitting for Mr. Justice
Fred J. Weber, who was
unable to sit