No.   92-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MICKEY D. FONK,
        Petitioner and Appellant,

    -vs-

MAVANEE J. ULSHER,
        Respondent and Respondent,

    and

J.C.F. and S.J.F.,
        Minor Children,

    and

MONTANA DEPARTMENT OF SOCIAL
AND REHABILITATION SERVICES,
Child Support Enforcement Division,

        Real Party in Interest.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Michael  V.  Sinclair;  Coil  &  Sinclair,  Bozeman,
            Montana

        For Respondent:

            Robert T. Cummins, Attorney at Law, Helena, Montana
            Peggy Probasco, Legal Counsel, Department of Social
            and    Rehabilitation    Services,    Child    Support
            Enforcement, Butte, Montana


FILED

NOV 2 0 1992

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   October 9, 1992

Decided:  November 20, 1992

_____
                Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Mickey D. Fonk appeals an order of the First Judicial District Court, Lewis and Clark County, determining that he had been served personally with process in an earlier default dissolution action. Because the order is not a final judgment and is not otherwise appealable, we dismiss this appeal without prejudice.

On April 2, 1987, the District Court entered a default decree of dissolution dissolving the prior marriage of appellant Mickey Fonk and respondent Mavanee Ulsher. Among other things, the decree ordered Fonk to pay $75 per month per child as support for J.C.F. and S.J.F.

On June 14, 1991, Fonk filed a Petition to Determine the Nonexistence of the Father and Child Relationships. He requested blood tests pursuant to § 40-6-112, MCA, for Ulsher, the children, and himself, a declaration that the father/child relationships are void, and an order requiring Ulsher and the Department of Social and Rehabilitation Services to reimburse him for all past child support paid. He asserted that he had never been served personally in the original divorce action, and that Ulsher had committed fraud upon the court by representing that he had fathered the two children.

On July 18, 1991, Ulsher filed her response to the paternity action and included a cross-petition for increased child support. She moved for dismissal of Fonk's petition, arguing that the paternity issue was res judicata and that his petition was a collateral attack on the default judgment entered in the

2

dissolution action. On December 13, 1991, the District Court issued an order setting a hearing to determine whether service was made on Fonk in the dissolution. In this order, the District Court stated:

> If service was in fact made upon him [Fonk], then he may not maintain this present action to dispute the paternity of the children. In such case he will be barred by the doctrine of res judicata and/or collateral estoppel from raising the question.

At the hearing on April 3, 1992, the District Court restricted testimony to the narrow issue of whether Fonk had been served personally with process in the dissolution action. On June 4, 1992, the District Court filed its order ruling only that Fonk was served personally with the petition and summons in the dissolution proceeding. Fonk appeals from that order.

The right of appeal exists only by statute or rule. Stevens v. Abbott (1986), 220 Mont. 61, 62, 712 P.2d 1347, 1348. Rule 1 of the Montana Rules of Appellate Procedure specifies those judgments and orders that may be appealed to this Court. An order determining that a party was personally served in a prior action is not among those contained in the rule. Nor did the parties obtain certification of the order from the District Court pursuant to Rule 54(b), M.R.Civ.P.

In this case, the parties' rights have not been finally adjudicated. Ulsher's claim for increased child support and Fonk's claims regarding blood tests, paternity, and reimbursement of past paid child support all remain to be determined by the District Court. While the District Court's December order setting a hearing

3

on the question of service of process implies that Ulsher's motion to dismiss will be granted if service was made, implication is not sufficient. The District Court's Order Concerning Service of Process does not constitute a final judgment against Fonk; nor does it decide Ulsher's cross-petition. Unless a judgment is final, this Court is without jurisdiction to hear the appeal and make a determination. In re Marriage of Adams (1979), 183 Mont. 26, 28, 598 P.2d 197, 198; State ex rel. Raw v. City of Helena (1961), 139 Mont. 343, 350, 363 P.2d 720, 723. We hold that the District Court's order of June 4, 1992, is not appealable. Therefore, we dismiss this appeal without prejudice.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4