IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-208

FILED

OCT 05 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE THE MARRIAGE OF

ROBERT **ALTON** SMITH,

    Petitioner and Respondent,

  and

LORI MOFFATT SMITH,

    Respondent and Appellant.

)
)  O P I N I O N
)    A N D
)  O R D E R

Appellant, Lori Moffatt Smith (Lori), filed a Notice of Appeal on March 24, 1993. Respondent, Robert A. Smith (Robert), filed his Motion to Dismiss Appeal on July 15, 1993. The bases for this motion are that the appeal was taken from interlocutory rulings and that Lori's motion for a change of venue was not timely filed.

Also on July 15, 1993, Lori filed, pro se, her Motion for Extension and Supporting Memorandum, requesting a sixty day extension in which to file her initial brief on appeal. We previously extended the original deadline for filing that brief by forty-five days on May 27, 1993. By order dated July 16, 1993, we granted Lori's motion and gave her until September 20, 1993, in which to file her brief.

On July 27, 1993, Lori filed a Motion for Extension and Memorandum requesting an additional ten days to file a response to Robert's Motion to Dismiss Appeal. On July 27, 1993, we granted

that notion and ordered Lori to file a response to Robert's notion by August 10, 1993.

On August 10, 1993, Lori filed her response to Robert's notion and stated that the issues raised in his motion were the ones to be addressed in her initial brief, which we previously ordered to be filed by September 20, 1993. Lori did not respond to the merits of Robert's Motion to Dismiss Appeal. Along with her August 10, 1993, response, Lori filed a Motion to Defer Response, Motion for Joinder of William Boggs, Esq., and Supporting Memorandum. On August 17, 1993, we granted Lori's Motion to Defer Response and ordered Lori to file her initial brief by September 20, 1993, and further ordered Lori to respond to the merits and issues raised in Robert's Motion to Dismiss Appeal. We denied Lori's Motion to Join William Boggs.

Lori has now filed her initial brief on appeal and, as we stated in our August 17, 1993, order, we are prepared to rule on Robert's Motion to Dismiss Appeal.

This dissolution proceeding was commenced in the Eighth Judicial District Court, Cascade County, Montana, in 1985. Over the years, the District Court has presided over a number of proceedings related to child custody. On June 5, 1991, Robert filed a Motion for Contempt and Motion to Modify Custody in the District Court, asserting that Lori was frustrating Robert in his attempts to exercise visitation and seeking a change of the child's primary residential custodian. Various motions and other documents

2

were filed by the parties. In the fall of 1991, after the case had been set for trial, Lori sought an order from the District Court restraining Robert from exercising visitation, on the grounds that Robert allegedly sexually abused the child. (This was later acknowledged by the child to be untrue.) The District Court refused to stay visitation: Lori then sought assistance from Missoula County, and the Fourth Judicial District Court ordered the issuance of temporary investigative authority to the Department of Family Services.

Initiation of the Missoula County proceedings caused the Eighth Judicial District Court to defer its proceedings. On September 28, 1992, the Fourth Judicial District Court entered its Order for Implementation of DFS Treatment Plan. That order specifically stated that the implementation of the treatment plan did not prevent either party from pursuing the action pending in Cascade County.

After that order, Robert moved the Eighth Judicial District Court to reset his Motion for Custody for trial, which was subsequently set for March 25, 1993. On March 18, 1993, Lori filed a number of motions, including one to change venue to Missoula County. On March 22, 1993, the District Court denied her motions. From the denial of those motions, Lori appealed.

The Notice of Appeal filed by Lori states that she is appealing. from the District Court's order which (1) denied the motion to stay proceedings: (2) denied the change of venue: and (3)

denied the motion for a protective order as to discovery.

Generally, interlocutory orders are not appealable. See Bostwick v. Dep't of Highways (1980), 188 Mont. 313, 315, 613 P.2d 997, 998. The denial of a motion to stay and a motion for a protective order are interlocutory in nature, and are not appealable orders within the scope of Rule 1, Mont.R.App.P. For that reason, Lori may not appeal these issues until the District Court enters a final judgment.

As to Lori's claim that the District Court erred in granting her request for a change of venue, we note that Rule 1(b), M.R.App.P. allows an appeal from an order denying a change of venue. State ex rel. Kesterson v. District Court (1980), 189 Mont. 20, 22-23, 614 P.2d 1050, 1051. However, the request for a change of venue must be timely made. Rule 12(b), Mont.R.Civ.P., requires that a motion for a change of venue be made within twenty days after the response to the pleading is filed. Here, the dissolution proceeding was commenced in 1985, and Robert's motion for custody was filed on June 5, 1991. The motion to change venue was not filed until March 18, 1993. Clearly, Lori's motion to change venue was not timely made. In addition, Lori has made numerous appearances in the Eighth Judicial District Court, and has not challenged venue in that District Court at any of these appearances, prior to filing her motion for a change of venue.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Petitioner/Respondent's Motion

4

to Dismiss Appeal should be and is hereby GRANTED, and Respondent/Appellant's appeal should be and is hereby DISMISSED WITHOUT PREJUDICE.

IT IS HEREBY FURTHER ORDERED that the Clerk of this Court serve Robert's counsel of record and Lori, pro se, by mail with a copy of this Order.

Dated this 5th day of October, 1993.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

October 5, 1993

<u>CERTIFICATE OF SERVICE,</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lori Moffatt Smith
P.O. Box 9155
Missoula, MT 59807

K. Dale Schwanke
Jardine, Stephenson, Blewett & Weaver, P.C.
P.O. Box 2269
Great Falls. MT 59403-2269

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy