No. 89-72

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE COMPENSATION INSURANCE FUND,

        Appellant,

   -vs-

SKY COUNTRY, INC.,

        Respondent.

FILED

'89 OCT 17 AM 10 2□

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles Adams, State Comp. Ins. Fund, Helena, Montana

    For Respondent:

        John P. Atkins; Bryan & Atkins, Bozeman, Montana

    For Amicus Curiae:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Clay R. Smith, Solicitor, Helena, Montana

Submitted on Briefs: Aug. 31, 1989

Decided: October 17, 1989

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This appeal results from a lengthy administrative process which culminated in the Workers' Compensation Court. Respondent Sky Country, Inc., a Bozeman trucking firm, contested a finding by the Audit Bureau of the Department of Labor and Industry concluding that several of its drivers classified as "independent contractors" were actually "employees" for Workers' Compensation insurance purposes. Further administrative proceedings affirmed the Audit findings, and Sky Country sought judicial relief in the Workers' Compensation Court. The Workers' Compensation Court held that Sky Country had been denied due process of law because the Division of Workers' Compensation was the real party in interest as well as the prosecutor and adjudicator in the administrative process and reversed the administrator's decision. From that decision, the State Compensation Insurance Fund appeals.

Sky Country is insured by the State Compensation Fund under Plan No. 3 of the Workers' Compensation Act, as prescribed in § 39-71-2301, et seq., MCA. Following a February 1986 audit, the Department of Labor and Industry concluded that, for purposes of reporting for workers' compensation and unemployment insurance, certain individuals were employees rather than independent contractors. Because the workers were reclassified as employees, it was determined that Sky Country owed an additional $2,907.59 for premium underpayment for its workers' compensation insurance from July 1, 1984 through June 30, 1985.

In September 1986, Sky Country requested an administrative review of the audit determination. Upon review, which included an informal conference, the

2

administrator of the Division of Workers' Compensation agreed with the audit finding that the individuals were employees rather than independent contractors.

Sky Country next initiated contested case proceedings under the Montana Administrative Procedure Act, found at Title 2, Chapter 4, Part 6, MCA. In May 1987, an evidentiary hearing was held before Steven Shapiro, a hearing examiner and chief legal counsel for the Workers' Compensation Division. Shapiro's findings were also adverse to Sky Country. The administrator of the Division of Workers' Compensation issued the Division's Final Order which adopted the hearing examiner's proposed decision.

Sky Country then sought relief in the Workers' Compensation Court, filing a Petition for Appeal in September, 1988. Of the various grounds for reversal, Sky Country's assertion that it was denied due process because the Workers' Compensation Administrator's decision was "tainted by the pecuniary interest the [Workers' Compensation] Division has in the outcome" persuaded the Workers' Compensation Court. The Workers' Compensation Court reversed, holding that Sky Country had been denied due process of law in violation of Article II, Section 17, Mont. Const. (1972) "because the Division of Workers' Compensation is the real party in interest . . . as well as the prosecutor and adjudicator[.]" The Workers' Compensation Court explicitly noted that there was no evidence that either the hearing examiner or the Workers' Compensation Administrator exhibited "any improper, arbitrary conduct in the hearing and decision-making process."

The issues presented by the parties to this action focus on whether Article II, Section 17 of the Montana Constitution barred the Division of Workers' Compensation from assuming jurisdiction of the underlying dispute

3

concerning the employment status of the individuals working for Sky Country. Through an amicus curiae brief, the Montana Attorney General proffers a second, and we think more compelling, issue: Does § 39-71-415, MCA, require that the administrative proceeding be transferred from the Division of Workers' Compensation to the Appeals Bureau of the Department of Labor and Industry as of July 1, 1987, thereby denying the Workers' Compensation Court jurisdiction to determine the appeal from such proceeding?

Although the controversy over the status of Sky Country's workers arose before the effective date of § 39-71-415, MCA, the statute nonetheless applies to this dispute. Section 39-71-415, MCA, which became effective on July 1, 1987, provides a procedure for resolving disputes regarding independent contractor status. Section 39-71-415(1), MCA, states:

> (1) If an individual, employer, or insurer has a dispute as to whether an individual is an independent contractor or an employee as defined in this chapter, any party may petition a department of labor and industry appeals referee for resolution of the dispute in accordance with 39-51-1109 and may appeal from a decision of the appeals referee in the same manner as prescribed in 39-51-2403 and 39-51-2404.

The legislative intent is to create a single administrative procedure for settling disputes over the status of workers as employees or independent contractors for both unemployment compensation and workers' compensation purposes. February 17, 1987, Minutes of Senate Labor and Employment Relations Committee at 1-4; March 13, 1987, Minutes of House Business and Labor Committee at 2-3. Sky Country's quarrel with the audit finding that its workers

4

were employees for insurance purposes fits squarely within the intent of § 39-71-415, MCA.

Section 1-2-109, MCA, provides that "[n]o law contained in any of the statutes of Montana is retroactive unless expressly so declared." New legislation, such as in this case, which affects only procedural matters and does not relate to substantive rights of the parties does not fall within the ambit of § 1-2-109, MCA. Weiss v. State (1986), 219 Mont. 447, 449, 712 P.2d 1315, 1316.

The status of a worker as to whether he is an independent contractor or an employee implicates more than just collection of workers' compensation premiums. It also involves the rights of the State to collect unemployment compensation contributions and has other State and Federal implications. Accordingly, a procedure before the Department of Labor was established by the legislature for a more comprehensive examination of the status of such workers. We conclude this is the appropriate procedure to follow.

We now remand and direct the controversy be resolved in accordance with the provisions of § 39-71-415, MCA. This matter is remanded to the Workers' Compensation Court which shall vacate its order and dismiss the appeal. The Division of Workers' Compensation shall then vacate its final order and transfer the matter to the Department of Labor and Industry for disposition, in accordance with §§ 39-71-415 and 39-51-1109, MCA, consistent with this opinion.

John Conway Harrison
Justice

5

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices