No. 95-290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

KENNETH MARTIN,

      Petitioner and Appellant,

  v.

STATE COMPENSATION INSURANCE FUND,

      Respondent and Insurer for

GLEN RINDAL,

      Employer.

FILED

FEB 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers' Compensation Court, State of Montana
                The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Stephen D. Roberts, Attorney at Law,
            Bozeman, Montana

      For Respondent:

            Charles G. Adams, Attorney, State
            Compensation Insurance Fund, Helena, Montana

Submitted on Briefs:  December 21, 1995

Decided:  February 22, 1996

Filed:

Justice Terry N. Trieweiler delivered the opinion of the Court.

The petitioner, Kenneth Martin, filed a petition for hearing in the Workers' Compensation Court of the State of Montana in which he sought to set aside a final settlement agreement that had been approved by the Division of Workers' Compensation. The respondent, State Compensation Insurance Fund, filed a motion to dismiss, or in the alternative, for summary judgment. The Workers' Compensation Court entered an order granting summary judgment in favor of the State Fund. Martin appeals that order. We reverse the order of the Workers' Compensation Court.

The issues on appeal include:

1.  Did the Workers' Compensation Court have jurisdiction to consider Martin's petition?

2.  Should Martin's settlement agreement be set aside on appeal as a matter of law?

## FACTUAL BACKGROUND

On January 3, 1977, Kenneth Martin suffered an industrial injury arising out of and in the course of his employment with Glen Rindal, who was insured by the State Compensation Insurance Fund. Three years later, on January 29, 1980, Martin and the State Fund entered into a petition for final settlement for the amount of $2025 which represented twenty-five weeks of benefits. The petition was submitted to the Division of Workers' Compensation which issued its order approving final settlement on January 31, 1980.

On January 13, 1995, Martin filed a petition for hearing in the Workers' Compensation Court in which he sought to set aside the final settlement agreement and reopen his claim. In his petition, Martin alleged:

> A dispute exists between the parties. Despite the fact that Claimant suffered a severe injury which required a laminectomy of L4-5 and L5-S1, and despite the fact that this injury had a very substantial effect on the earning capacity of Claimant, whose work history was strictly manual labor, the State Fund settled with the Claimant on a final settlement basis for only 25 weeks of permanent partial disability benefits. The State Fund entered into this settlement with Claimant when Claimant was not represented by an attorney. The settlement, which was for no more than his undisputed impairment rating, was made despite the written memorandum of the State Fund Bureau Chief which noted that "we would never settle the case for this amount if he had the proper advice. . . ." The settlement was also based on a permanent partial disability rate that was improperly low as documented through information contained in the State Fund's own files.

In the petition, Martin also requested additional benefits, attorney fees and costs, and that the court assess a twenty percent penalty against the State Fund because of its unreasonable conduct.

The State Fund moved to dismiss the petition, or in the alternative, for summary judgment based on three grounds. First, it asserted that the Workers' Compensation Court lacked jurisdiction; second, it asserted that the claimant's request was barred by the statute of limitations; and third, it asserted that the petition failed to set forth any legal basis for setting aside the settlement. In support of its motion, the State Fund submitted an affidavit of a claims adjuster familiar with Martin's claim file. It also offered as exhibits the petition for final

3

settlement and the Division of Workers' Compensation's order approving the final settlement. No other evidence was offered for or in opposition to summary judgment.

On May 11, 1995, the Workers' Compensation Court granted the State Fund's motion for summary judgment. It held that the Workers' Compensation Court lacked jurisdiction over the petition to set aside the final settlement.

## ISSUE 1

Did the Workers' Compensation Court have jurisdiction to consider Martin's petition?

We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. *CNA Insurance Co's. v. Dunn* (Mont. 1995), 902 P.2d 1014, 1016, 52 St. Rep. 981, 982; *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394.

Sections 39-71-204 and -2909, MCA, grant jurisdiction to the Workers' Compensation Court to review, diminish, or increase workers' compensation benefits in certain instances. Section 39-71-204, MCA, provides in part:

> (1) The department has continuing jurisdiction over all its orders, decisions, and awards and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor.
> . . . .
> (3) If a party is aggrieved by a department order, the party may appeal the dispute to the workers' compensation judge.

Section 39-71-2909, MCA, provides:

4

The judge may, upon the petition of a claimant or an insurer that the disability of the claimant has changed or that the claimant received benefits through fraud or deception, review, diminish, or increase, in accordance with the law on benefits as set forth in chapter 71 of this title, any benefits previously awarded by the judge. An insurer's petition alleging that the claimant received benefits through fraud or deception must be filed within 2 years after the insurer discovers the fraud or deception.

In this case, the Workers' Compensation Court concluded that it lacked jurisdiction to set aside Martin's 1980 settlement agreement. In doing so, the court recognized that §§ 39-71-204 and -2909, MCA, grant jurisdiction to the Workers' Compensation Court to rescind, alter, amend, diminish, or increase full and final compromise settlements pursuant to this Court's decision in *Wolfe v. Webb* (1992), 251 Mont. 217, 824 P.2d 240. However, the court distinguished this case from *Wolfe* because it involves a final settlement rather than a full and final compromise settlement.

*Wolfe* involved a full and final compromise settlement agreement which the Division of Workers' Compensation had approved on March 8, 1983. *Wolfe*, 251 Mont. at 221, 824 P.2d at 242. In *Wolfe*, the insurer contended that the law in effect at the time of the claimant's 1980 injury applied. In 1980, §§ 39-71-204(2) and -2909, MCA, provided as follows:

The division or the workers' compensation judge shall not have power to rescind, alter, or amend any final settlement or award of compensation more than 4 years after the same has been approved by the division. . . . Except as provided in 39-71-2908 [not applicable], the division or the workers' compensation judge shall not have the power to rescind, alter, or amend any order

5

approving a <u>full and final compromise settlement</u> of compensation.

Section 39-71-204(2), MCA (1979) (emphasis added).

> [T]he judge may not change any <u>final settlement</u> or award of compensation more than 4 years after the settlement has been approved by the division or any order approving a <u>full and final compromise settlement</u> of compensation.

Section 39-71-2909, MCA (1979) (emphasis added).

In *Wolfe*, we concluded that the statutes which relate to the court's authority to entertain a petition are procedural, and therefore, that the statute in effect at the time the petition is filed controls. *Wolfe*, 251 Mont. at 226-27, 824 P.2d at 245-46. We discussed the unique manner in which this Court had previously dealt with petitions to set aside settlement agreements and stated:

> What we have then are a series of decisions by this Court that agreements settling claims for workers' compensation benefits are subject to contract law and can be set aside, at least by this Court, based upon a mutual mistake of fact regarding the nature and extent of the claimant's injury. We also had in effect, at the time of claimant's injury, statutes which appellant argues procedurally barred the Workers' Compensation Court, as opposed to this Court, from setting aside full and final compromise settlement agreements. . . .
>
> . . . .
>
> When this case was tried in April 1990, however, both of the sections relied upon by the defendant had been amended to remove any limitation on the Workers' Compensation Court's authority to set aside full and final compromise settlement agreements. . . .
>
> . . . .
>
> We have previously held that compromise settlement agreements can be set aside based upon contract law. Whether the decision to set aside that agreement is made in this Court or the Workers' Compensation Court is merely a procedural difference and does not effect the

6

> substantive rights of either party. Therefore, the
> amendment to the workers' compensation statutes which
> eliminated any restriction on the court's authority to
> review and rescind compromise settlement agreements was
> a change in the procedural law. We have previously held
> that procedural rules in effect at the time that a case
> proceeds to trial are the rules that are to be applied to
> the resolution of that dispute. *State Comp. Ins. Fund v. Sky*
> *Country, Inc.* (1989), 239 Mont. 376, 379, 780 P.2d 1135,
> 1137; *Weiss v. State* (1986), 219 Mont. 447, 449, 712 P.2d
> 1315, 1316.

*Wolfe*, 251 Mont. at 226-27; 824 P.2d at 245-46.

Because the 1987 statute gave the Workers' Compensation Court jurisdiction to reopen full and final compromise settlement agreements, we held that the Workers' Compensation Court could exercise jurisdiction over a petition filed in 1990, even though it related to an injury that occurred and an agreement made prior to 1987.

Martin filed his claim with the Workers' Compensation Court on January 13, 1995, after the legislature amended the statutes to remove any limitations on the Workers' Compensation Court's authority to set aside settlement agreements.

The Workers' Compensation Court concluded that while the 1987 changes which pertain to full and final compromise settlements are procedural pursuant to the *Wolfe* opinion, the changes which pertain to final settlements are substantive. The court reasoned that prior to their 1987 amendment the statutes prohibited the Workers' Compensation Court from reopening full and final compromise settlements, yet conferred jurisdiction on the court to reopen final settlements for up to four years. Therefore, the court

7

concluded, the former four-year limitation for reopening final settlement agreements acted as a statute of limitation on the jurisdiction of the Workers' Compensation Court which cannot be changed retroactively.

We conclude that § 92-848(4), R.C.M. 1947 (1975) (codified as amended at § 39-71-2909, MCA), was a limit on the court's authority to set aside settlement agreements, whether they were entered into on a final or full and final compromise basis, and whether that limitation was total or took effect after a period of years. As such, in the unique context of our prior decisions set forth and discussed in *Wolfe*, it was a procedural rule and the procedural rule in effect when Martin's petition was filed controls. We see no distinction between the changes in the Workers' Compensation Court's authority to reopen a final settlement and its authority to reopen a full and final compromise settlement.

For these reasons, we conclude that at the time Martin filed his claim, the Workers' Compensation Court had authority to set aside his final settlement agreement. Therefore, the Workers' Compensation Court erred when it concluded that it lacked jurisdiction to decide this dispute.

## ISSUE 2

Should Martin's settlement agreement be set aside on appeal as a matter of law?

Martin contends that this Court, on appeal, should reopen his 1980 workers' compensation settlement as a matter of law. He

8

relies on *Kienas v. Peterson* (1980), 191 Mont. 325, 330, 624 P.2d 1, 3, where we noted that general contract law gives courts the right to reopen a compromise settlement when a mutual mistake of material fact has occurred.

Since *Kienas*, we have set aside several compromise settlement agreements. *See, e.g., Brown v. Richard A. Murphy, Inc.* (1993), 261 Mont. 275, 281, 862 P.2d 406, 410 (rescinding a settlement agreement based on mutual mistake of law); *Wolfe v. Webb* (1992), 251 Mont. 217, 231, 824 P.2d 240, 248 (finding a mutual mistake of fact); *Kimes v. Charlie's Family Dining & Donut Shop* (1988), 233 Mont. 175, 178, 759 P.2d 986, 988 (finding a mutual mistake of fact); *Weldele v. Medley Development* (1987), 227 Mont. 257, 261, 738 P.2d 1281, 1283 (finding a mutual mistake of fact). In setting aside the agreement in *Wolfe*, we stated that "[w]hether the decision to set aside that agreement is made in this Court or the Workers' Compensation Court is merely a procedural difference and does not effect the substantive rights of either party." *Wolfe*, 251 Mont. at 226-27, 824 P.2d at 245. However, an adequate factual record is, in every case, necessary to decide whether an agreement should be set aside.

Here, the State Fund responded to Martin's petition for hearing in the Workers' Compensation Court with a motion to dismiss the petition, or in the alternative, for summary judgment. The Workers' Compensation Court granted the State Fund's motion for summary judgment based on lack of jurisdiction. Martin did not

9

file a motion for summary judgment and this court has no record of the facts which form the basis for his petition. Neither does the court have evidence which would enable it to conclude whether Martin's petition is barred by the statute of limitations found at § 27-2-203, MCA. A factual record must be developed before any court can decide whether to set aside Martin's settlement agreement.

We therefore decline to exercise our authority to set aside Martin's settlement.

Martin also contends that he is entitled to an award of costs, attorney fees, and a statutory penalty based on his assertions that he is entitled to reopen his claim, and that the State Fund has unreasonably refused to do so. However, since we have not decided that issue, we will consider neither his claim for costs and fees nor his claim that he is entitled to a statutory penalty.

We reverse the judgment of the Workers' Compensation Court and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

10

_____

Karla M. Gray

_____

W. William Leaphart
Justices