DA 10-0368

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 300

ROBERT FLYNN and CARL MILLER,
Individually and on Behalf of Others
Similarly Situated,

      Petitioners and Appellants,

  v.

MONTANA STATE FUND,

      Appellee and Cross-Appellant,

  and

LIBERTY NORTHWEST INSURANCE CORPORATION,

      Respondent/Insurer and Appellee.

APPEAL FROM:    Workers' Compensation Court,
                    Cause No. 2000-0222
                    Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Rexford L. Palmer (argued); Attorneys Inc., P.C.; Missoula, Montana

      For Appellees:

          Steven W. Jennings (argued); Crowley Fleck PLLP; Billings, Montana
          (Common Fund Insurers)

          Larry W. Jones; Law Offices of Larry W. Jones; Missoula, Montana
          (Liberty Northwest Insurance Corporation)

Bradley J. Luck (argued); Garlington, Lohn & Robinson; Missoula, Montana (Montana State Fund)

Thomas E. Martello; Montana State Fund; Helena, Montana

For Amicus Curiae (Cassandra Schmill):

Laurie Wallace; Bothe & Lauridsen, P.C.; Columbia Falls, Montana

Argued and Submitted:   September 28, 2011

Decided:   November 29, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Petitioners Robert Flynn and Carl Miller (collectively "Flynn") appeal the Order of the Workers' Compensation Court (WCC) defining the term "paid in full," as used in the definition of "settled" workers' compensation claims, for purposes of determining the retroactive application of judicial decisions. On appeal, we consider whether the WCC properly applied retroactivity principles in formulating a definition of "paid in full."

### FACTUAL AND PROCEDURAL BACKGROUND

¶2    We begin by summarizing the protracted history of this matter. This opinion marks the Court's third decision since 2002, complementing several other cases that have outlined the parameters for retroactive application of new judicial decisions in workers' compensation cases. Flynn initially filed a petition in the WCC, alleging Respondent State Compensation Insurance Fund should pay a proportionate share of the attorney fees he incurred to recover social security disability benefits. *Flynn v. St. Compen. Ins. Fund*, 2002 MT 279, ¶ 1, 312 Mont. 410, 60 P.3d 397 (Flynn I). Applying the common fund doctrine, we held that if a claimant successfully recovers social security disability benefits, thereby allowing the workers' compensation insurer to offset benefits paid the claimant, the insurer must bear a proportionate share of the costs and attorney fees incurred by the claimant in pursuing the social security benefits. *Flynn I*, ¶¶ 15-18.

¶3    On remand, the WCC determined *Flynn I* applied retroactively and Flynn's attorney was entitled to common fund attorney fees from claimants who benefitted from the decision. *Flynn v. Mont. St. Fund*, 2008 MT 394, ¶ 7, 347 Mont. 146, 197 P.3d 1007 (Flynn II). Shortly thereafter, this Court decided *Schmill v. Liberty N.W. Ins. Corp.*, 2005

3

MT 144, ¶ 28, 327 Mont. 293, 114 P.3d 204 (Schmill II), concluding that our decision in *Schmill v. Liberty N.W. Ins. Corp.*, 2003 MT 80, 315 Mont. 51, 67 P.3d 290 (Schmill I) applied retroactively. Relying on previous case law and reiterating the importance of finality, we held the retroactive effect of a decision "does not apply to cases that became final or were settled prior to a decision's issuance." *Schmill II*, ¶ 17 (quoting *Dempsey v. Allstate Ins. Co.*, 2004 MT 391, ¶ 31, 325 Mont. 207, 104 P.3d 483). We left the determination of what is considered "final or settled" to the WCC. *Schmill II*, ¶ 19.

¶4      Heeding this command, the WCC issued the *Flynn Order*, which was intended to be used as a general model for determining whether a claim is final or settled and the effect of retroactivity on each type of claim. *Flynn II*, ¶¶ 8-9. In its order, the WCC defined a "final" claim as a "claim in which a final judgment has been entered by the Workers' Compensation Court only if the claim is not currently pending on appeal." *Flynn II*, ¶ 9. The WCC relied on § 39-71-107(7)(a), MCA (2005), to define "settled" as "a department-approved or court-ordered compromise of benefits between a claimant and an insurer or a claim that was paid in full." *Flynn II*, ¶ 9.

¶5      Shortly following the WCC's order, we decided *Stavenjord v. Mont. St. Fund*, 2006 MT 257, 334 Mont. 117, 146 P.3d 724 (Stavenjord II). In *Stavenjord II*, we determined there is no "legal authority for 'partial' retroactive application" of a judicial decision and found that judicial decisions apply retroactively to "any and all *open* claims . . . ." ¶ 15 (emphasis in original). Moreover, we defined "open claims" as those "still actionable, in negotiation but not yet settled, now in litigation, or pending on direct appeal." *Stavenjord II*, ¶ 15.

4

¶6 In *Flynn II*, we clarified several points arising from the intersection between the *Flynn Order* and *Stavenjord II* and the definition of "final," "settled," and "open." First, the language of *Stavenjord II* discussing "open claims" did not change previous retroactivity rules or create new law. *Flynn II*, ¶ 21. Reaffirming prior case law, we confirmed that retroactivity principles apply to cases not "final" or "settled." *Flynn II*, ¶ 21. We held a "settled" claim is "a department-approved or court-ordered compromise of benefits between a claimant and an insurer or *a claim that was paid in full*." *Flynn II*, ¶ 26 (emphasis added).

¶7 The WCC subsequently requested briefing on the definition of "paid in full." Or. Re: Paid in Full, *Flynn v. Mont. St. Fund*, 2010 MTWCC 20, ¶ 1 (July 1, 2010). After considering the parties' arguments, the WCC defined "paid in full" as:

> A claim in which all benefits to which a claimant is entitled[,] pursuant to the statutes applicable to that claim, are paid prior to the issuance of a judicial decision. If any benefits are paid on the claim after the issuance of a judicial decision, the claim can no longer be considered "paid in full" and is subject to retroactive application of the judicial decision.

Or. Re: Paid in Full, ¶ 17. Thus, according to the WCC's Order, a "settled" claim for purposes of retroactivity is either (1) a department-approved or court-ordered settlement agreement or (2) a claim in which the claimant received all applicable benefits prior to a new judicial decision and has not received subsequent benefits on his or her pre-judicial decision claim.

¶8 Flynn appealed, challenging the WCC's decision on the definition of "paid in full."

## STANDARD OF REVIEW

¶9 "We review the WCC's conclusions of law for correctness." *Flynn II*, ¶ 12 (citing *Schmill II*, ¶ 11).

## DISCUSSION

¶10 ***Whether the WCC properly applied retroactivity law in formulating a definition of "paid in full."***

¶11 The general rule favors retroactive application of new rules of law. *Stavenjord II*, ¶ 9; *Dempsey*, ¶ 29. We continue to recognize, however, that "truly compelling" cases merit application of a new rule prospectively only. *Dempsey*, ¶ 29. This Court's approach to retroactivity was thoroughly analyzed in *Dempsey*. There, we considered whether our decision in *Hardy v. Progressive Specialty Ins. Co.*, 2003 MT 85, 315 Mont. 107, 67 P.3d 892, applied prospectively only, or applied retroactively to require payment of certain insurance coverages in qualifying circumstances to open claims arising before *Hardy* was issued. *Dempsey*, ¶ 3. In keeping with our prior rulings, we held the *Hardy* decision applied retroactively to cases pending on direct review or not yet final. *Dempsey*, ¶ 4. We concluded that "the retroactive effect of a decision does not apply *ab initio*, that is, it does not apply to cases that became final or were settled prior to a decision's issuance." *Dempsey*, ¶ 31.

¶12 Citing *Dempsey*, we reiterated the importance of finality in *Flynn II*. We stated, "the interests of fairness and finality are not generally served by drawing 'an arbitrary distinction between litigants based merely on the timing of their claims.'" *Flynn II*, ¶ 33.

6

¶13    Here, we conclude the WCC properly applied retroactivity analysis in the unique field of workers' compensation law. The workers' compensation system is by nature open-ended; in some cases, benefits may continue for the life of a claimant, or a claimant may be eligible for new benefits upon aggravation of a prior injury. Sections 39-71-710, 39-71-739, MCA. Despite the potentially indefinite length of a party's claim, principles of finality still must be incorporated. As explained below, the WCC's decision properly gives credit to the necessary balance between finality and fairness.

¶14    In its order, the WCC recognized four types of claims that would be considered "open" and subject to retroactivity: (1) claims where the claimant was still receiving benefits at the time *Flynn I* was decided; (2) claims where the parties were still negotiating the amount of indemnity to be paid; (3) claims where settlement negotiations had broken down and the claim was subject to litigation or appeal at the time *Flynn I* was decided; and (4) claimants whose benefits may have terminated prior to the issuance of *Flynn I*, but received further benefits on their claim after the issuance of *Flynn I*. Or. Re: Paid in Full, ¶¶ 15-16.

¶15    Urging reversal, Flynn argues a claim is "paid in full" only if the applicable statutory rules bar the disabled worker from seeking further benefits. Flynn's proposed definition fails in several respects.

¶16    First, Flynn's position gives no independent meaning to "paid in full" because he essentially argues the only claims truly "paid in full" are those stemming from a settlement agreement. Flynn cites § 39-71-739, MCA, for the proposition no claim really

7

can be "paid in full" because though a claim may be "temporarily dormant," a claimant later may receive benefits for aggravation of a disability. That section provides:

> If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is established or compensation is terminated in any case where the maximum payments for disabilities as provided in this chapter are not reached, adjustments may be made to meet such changed conditions by increasing, diminishing, or terminating compensation payments in accordance with the provisions of this chapter.

Section 39-71-739, MCA. Flynn's interpretation essentially nullifies the inclusion of the term "paid in full" in § 39-71-107(7)(a), MCA (2005). We already have applied that section's definition of "settled" as "a department-approved or court-ordered compromise of benefits between a claimant and an insurer *or* a claim that was paid in full." *Flynn II*, ¶ 26 (emphasis added). Flynn's position would simply omit the latter clause. The legislature purposely distinguished between claims resolved by settlement agreement and those that have been "paid in full." Defining "paid in full" as a settlement agreement is redundant. We must construe statutes to give effect to all language contained therein and we cannot omit what has been inserted by the legislature. Section 1-2-101, MCA. Flynn's argument asks us to do the opposite.

¶17 Flynn argues the potential for a future benefit precludes any claim from being "paid in full" if there has been no judgment or approved settlement. This argument fails because it ignores that a final judgment or settled claim can be re-opened in some circumstances. See M. R. Civ. P. 60; *Kruzich v. Old Republic Ins. Co.*, 2008 MT 205, ¶¶ 45-47, 344 Mont. 126, 188 P.3d 983 (recognizing settlement agreements can be re-opened when there is a mutual mistake of fact). If we were to accept Flynn's argument,

all "settled" cases or "final" judgments could be subject to retroactive application of new law merely because the potential existed for the claim to be re-opened. The potential for future change does not impact the claim's finality. The WCC correctly observed, "it is the ***actual*** payment of benefits, as opposed to the ***potential*** payment of benefits, that renders a claim no longer 'paid in full,' and subject to retroactive application of Flynn I." Or. Re: Paid in Full, ¶ 9 (emphasis in original). Flynn's position would mean all claims, whether final, settled, or "paid in full" would be subject to retroactive application merely because of the potential to be re-opened. This clearly deviates from the important principles of finality we discussed in *Dempsey*.

¶18    We also reject the State Fund's position that the second sentence of the WCC's Order is invalid. State Fund argues that excluding from the definition of "paid in full" those claims where benefits are paid after the issuance of a judicial decision creates uncertainty and a "monumental lack of necessary finality." State Fund contends the WCC's definition swallows the "paid in full" exception to retroactivity. In reliance on *Dempsey*, State Fund contends "finality cannot be breached by subsequent events, but this is exactly what the second sentence of the WCC's conclusion allows." Further, State Fund argues the fact a subsequent benefit could "un-finalize" a claim undermines finality principles.

¶19    In *Dempsey*, we specifically drew the retroactivity line between claims that were final and those that were not. ¶ 28. In the workers' compensation context, if compensation payments are adjusted upon aggravation of the original injury, the claim is not "final." Section 39-71-739, MCA. State Fund would have us breathe new life into

9

the arguments we rejected in *Flynn II*—that "final" or "settled" should include claims that were "closed" or "inactive" (*Flynn II*, ¶ 30), or that judicial decisions can only apply retroactively to those claims that are "currently in active litigation" (*Flynn II*, ¶ 19). Simply put, a case is not final if a benefit is later paid.

¶20 As noted above, it is not the potential for a future benefit that makes a claim outside the scope of "paid in full." Rather, it is the actual payment of a benefit, following the issuance of a judicial decision, that results in a claim not being "paid in full." At the moment the latter benefit is paid, it becomes clear the claim was not "paid in full."

¶21 State Fund argues this qualification permits the claimant to control application of substantive law by seeking a benefit under the Workers' Compensation Act. Flynn also refers to this possibility, noting the WCC's ruling gives disabled workers an incentive to obtain some type of benefit in order to trigger the retroactive application of *Flynn I*, and likewise creates an incentive for insurers to deny benefits. We decline to engage in speculation as to what might occur in the inventive minds of those inclined to thwart the law. The potential for fraudulent or wrongful behavior currently exists. Montana law addresses unreasonable denial of claims by an insurer, §§ 39-71-611, 39-71-612(2), MCA; forfeiture of fees by an attorney who violates the workers' compensation statutes or rules, § 39-71-613(3), MCA; wrongful practices by health care providers, § 39-71-315; and fraudulent or deceptive claims for benefits, §§ 39-71-316, 39-71-613(4), 45-6-301(5), MCA; *Taylor v. St. Compen. Ins. Fund*, 275 Mont. 432, 436, 913 P.2d 1242, 1244 (1996). The WCC's order does nothing to undermine the lawful filing and processing of workers' compensation claims. As acknowledged by Appellee Common Fund Insurers, the

10

WCC's definition of "paid in full" provides a pragmatic and workable solution to ensure the policy of finality has meaning.

¶22    Finally, we decline to consider the argument of Amicus that "paid in full" only applies to expired medical claims under § 39-71-615, MCA. This Court generally declines to address separate arguments raised by an amicus which are not raised by the parties. *Dempsey*, ¶ 36 (citing *Dep't of Health v. Lasorte*, 182 Mont. 267, 596 P.2d 477 (1979)); but see *St. Compen. Ins. Fund v. Sky Country*, 239 Mont. 376, 378, 780 P.2d 1135, 1136 (1989) (addressing the arguments of an amicus where "compelling").

## CONCLUSION

¶23    The WCC's definition of "paid in full" properly applies the retroactivity principles we announced in *Dempsey*. Its order of July 1, 2010, is affirmed.


                                        /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE